WILLIAM BARBEE, JR., Respondent, *v.* WILLIAM HEREFORD, Appellant.

1. *Practice, civil — Supreme Court — Marginal marks no part of a record.*— Marks in the margin of a record, such as the words "given" or "refused," placed beside an instruction in the margin of a transcript, form no part of the record.

2. *Slander—Words imputing immoral or indictable offense actionable in themselves.*— Words imputing the commission of an immoral and indictable offense are actionable in themselves; and in such case the law will infer malice, and there is no necessity of proving it.

Barbee, Jr., v. Hereford.

*Appeal from Livingston Circuit Court.*

*Collier*, *Broaddus* and *Pollard*, for appellant. .

The words charged are not actionable *per se ;* hence, malice should have been proved by respondent. (2 Greenl. Ev. 394, § 418.)

*McFerran* and *Mansur*, for respondent.

The slanderous words charged in the petition, with the averments there made, impart malice *per se*, and express malice need not be proved, for when words are actionable in themselves, malice is always implied. As to malice implied, see Estes v. Antrobus, 1 Mo. 140 ; Weaver v. Hendrick, 30 Mo. 502. As to damages *per se*, when proper averments are made, see Palmer v. Hunter, 8 Mo. 512 ; McManus v. Jackson, 28 Mo. 56.

WAGNER, Judge, delivered the opinion of the court.

This was an action of slander, and the petition charges that the appellant falsely and maliciously spoke of and concerning the respondent, and his evidence given in certain judicial proceedings therein referred to, the following words : " Bill Barbee," meaning plaintiff, " swore to a damned lie, and I can prove it," meaning thereby to charge that the respondent had been and was guilty of perjury. The answer is a simple denial. Verdict for plaintiff.

It is objected by appellant's counsel that the court erred in refusing certain instructions asked by them. But this objection is not available. What the action of the court was in reference to instructions we cannot tell. The record merely states, "whereupon the court refused to give instructions numbered ——; to the judgment of the court in refusing said instructions the defendant then and there excepted." There are an almost indefinite number of instructions asked ; some are numbered and some are not numbered ; some are marked in the margin of the record " given," some " refused," and some have no mark at all. It is utterly impossible for us to know what action the court below took in reference to the instructions, or to what one in the series

the objection applies. The mark in the margin constitutes no part of the record.

We have failed to see any error in the instructions given for the respondent. The petition shows that the speaking of the offensive words had reference to a judicial proceeding. There is an allegation that the court had full jurisdiction, and was competent to administer the oath, and that the respondent was sworn and gave testimony. The words uttered impute the commission of an immoral and indictable offense, and are therefore actionable in themselves. (McManus v. Jackson, 28 Mo. 56 ; Pennington v. Meek, 46 Mo. 217.) Under such a state of facts the law infers malice, and there was no necessity of proving it, as contended for by the appellants. (Pennington v. Meek, *supra* ; Buckley v. Knapp, *ante*, p. 152.) The record does not disclose any error which would justify this court in interfering.

Affirmed. The other judges concur.