STATE OF MISSOURI, Plaintiff in Error, *vs.* AUGUST SCHIENE-MAN, Defendant in Error.

1. *Criminal law—Indictment for disturbing worship on a public square insufficient, when.*—Where an indictment set out that defendant by indecent behavior and profane discourse, and by attempting to drive a horse and wagon through them, did disturb a congregation "met for religious worship at the southeast corner of the public square, in the city of Hannibal," it was *held* that under the statute (Wagn. Stat. 504, ₰ 30,) that act was intended to protect camp meetings held on a piece of ground set apart for that purpose, and assemblages gathered within a house or place of worship, and not public squares and streets. If a portion of a public square were a place of public worship, that fact should be made distinctly to appear in the indictment.

*Error to Hannibal Court of Common Pleas.*

*J. L. Smith, Att'y Gen'l, with Carstarphen & Wilson*, for Plaintiff in Error, cited : Wagn. Stat. 504, § 30 ; Vaughn vs. State, 4 Mo. 530 ; State vs. Ross, 25 Mo. 426 ; Com. vs. Welch, 1 Gray, 324–7 ; State vs. Coulter, 46 Mo. 564 ; State vs. Swadley, 15 Mo. 515.

*Hatch & Hatch*, for Defendant in Error, cited : State vs. Bankhead, 25 Mo. 558 ; State vs. Mitchell, 25 Mo. 420 ; State vs. Hopper, 27 Mo. 599 ; State vs. Edwards, 32 Mo. 549 ; State vs. Stubblefield, 32 Mo. 563; State vs. Jasper, 4 Dev. [N. C.] 323 ; Whart. Prec. [2 Ed.] § 861 ; Bell vs. Graham, 1 Nott & McC. [S. C.] 278.

NORTON, Judge, delivered the opinion of the court.

The defendant was indicted in the Hannibal court of common pleas for disturbing religious worship. On motion of defendant the indictment was quashed, and to review this action of the court the case is brought here by the State on a writ of error. The indictment alleges that "defendant at," etc., " a congregation and assembly of people, then and there being met for religious worship, at the southeast corner of the public square in the city of Hannibal, then and there, unlawfully," etc., " did disquiet and disturb the congregation and assembly of people then and there met for religious worship, by rude and indecent behavior, and by profane discourse, and by attempting to drive a horse

fastened to a wagon, which said horse he was then and there driving, against, into and through the said congregation and assembly of people, met for religious worship, at and near the southeast corner of the public square and place of worship," etc.

The section of the statute which creates the offense with which defendant is attempted to be charged is as follows : " Every person who shall wilfully," etc., " disquiet or disturb any camp-meeting, congregation or other assembly of people met for religious worship, by making a noise or by rude and indecent behavior or profane discourse, within the place of worship, or so near to the same as to disturb the order or solemnity of the meeting, or menace, threaten or assault any person there being, shall be deemed guilty of a misdemeanor," etc.

We think that the evident purpose of the legislature was to protect from disturbance, first, camp-meetings, which are usually if not always held in the open air, and not within a building ; and second, congregations or assemblies of persons gathered together within their place or house of worship. It was intended to throw around a camp meeting, when a particular piece of ground had been set apart for the purposes of such meeting, and houses which are dedicated to, appropriated and used by a congregation or assembly of persons for purposes of public worship, the same sanctity and protection which is thrown around every person's domicile in protecting the family from disturbance.

The indictment in this case charges no such offense as is above described, but, on the contrary, seems to charge defendant with disturbing a congregation which had assembled at the southeast corner of the public square, in the city of Hannibal, by rude and indecent behavior, and by attempting to drive a horse fastened to a wagon against, into, and through said congregation. The act upon which this indictment is based, has no such scope as to allow the streets of a city to be blockaded by an assemblage of persons for religious worship, and if such an appropriation is made of them, those making it are to be subjected to the annoyances and disturbances incident to the ordinary uses which the public have a right to make of such streets. We do not think that it was sufficiently alleged in the indictment, that the southeast cor-

ner of the public square was the place of worship of the congregation there assembled, if alleged at all it is only argumentatively averred.

When the statute creates an offense, it is always safe for the pleader to charge it in the language of the statute.

Judgment affirmed, in which the other judges concur, except Sherwood, C. J., absent.