## THE STATE v. JOHNSON, *Appellant*.

1. **Laws, Ex Post Facto, Retrospective, Constitutional.** Revised Statutes 1879, section 1655, authorizing the conviction of a defendant "of any offense, the commission of which is necessarily included in that charged," is not an *ex post facto* law, or retrospective in its operation, (Const. 1875, art. 2, § 15,) when applied to a case in which the offense was committed and the indictment found prior to the taking effect of said section and the trial had thereafter, notwithstanding such conviction was not authorized by the law in force at the time the offense was committed and indictment found. 2 Wag. Stat., § 1, p. 852.

2. **Practice in Supreme Court:** INSTRUCTIONS, MARKS ON MARGIN OF. Writing on the margin of instructions the words "given" and "refused," is no entry, and does not indicate that the instructions were given or refused.

3. **Criminal Law:** PRACTICE IN SUPREME COURT. The jury are the judges of the credibility of the witnesses and the weight of the evidence, and, in the absence of glaring indications of a disregard of the evidence by them, the Supreme Court will not interfere with their finding.

*Appeal from Barry Circuit Court.*—Hon. W. F. GEIGER, Judge.

AFFIRMED.

*J. M. Patterson* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

This court will not reverse a judgment because it is against the evidence, unless there is a total absence of evidence, or it fails so completely to support the verdict that the necessary inference is, that the jury acted from prejudice

or partiality. *State v. Musick*, 71 Mo. 401; *State v. Warner*, 74 Mo. 83. The court properly instructed the jury as to the offense charged in the indictment. 1 Wag. Stat., § 32, p. 449. And it was competent to convict of assault and battery under the charge, if the evidence showed him to be guilty only of that offense. R. S. 1879, § 1655; Cooley's Const. Lim., (3 Ed.) p. 272. It does not appear from the record what instructions were given for defendant or what refused. Merely marking "given" or "refused" along the margin of instructions, is no entry, and indicates nothing.

PHILIPS, C.—The appellant was indicted in the month of September, 1879, in the Barry circuit court, for a felonious assault upon one Jesse Clark. On the trial, under instructions of the court so authorizing them, the jury returned a verdict of guilty of simple assault and battery, assessing a fine of one dollar and costs. From this judgment the defendant has appealed to this court.

I. The principal and only material question to be decided is, the right of the court and jury, under the indictment for a felonious assault, to convict the defendant of assault and battery. The authority for this ruling of the court, rests on section 1655, Rev. Stat. of 1879, which is as follows: "Upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a lesser offense; and in all other cases, whether prosecuted by indictment, information or before a justice of the peace, the jury or court trying the case, may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him."

Prior to the enactment of this section, which did not take effect until November, 1879, no conviction of the simple assault and battery, could have been had under this indictment. For by section I, Ch. 83, p. 852, Wag. Stat,

Vol. 2, it was provided that: "Hereafter, no assault, battery or affray shall be indictable, but all such offences shall be prosecuted, and punished in a summary manner, before justices of the peace, as hereinafter provided." The contention of the appellant is, that as the offense and indictment were anterior to the enactment of said section 1655, he is exempt from its operation, by virtue of section 15, Art. 3, of the state constitution, which declares: "That no *ex post facto* law, nor law impairing the obligation of contracts, or retrospective in its operation, * * can be passed by the general assembly." The principle involved, in the opinion of the court, is covered by the decision in *Ex parte Bethurum*, 66 Mo. 545. Following that adjudication, the objection in question must be overruled.

II.   Complaint is made of instructions given on behalf of the State, and those alleged to have been refused, on behalf of defendant.   We discover no error in the instruction given, touching the offense of assault and battery.   As to the instructions asked by defendant, the court is unable to say, from the bill of exceptions, that any of them were refused.   The bill of exceptions does not state that they were refused.   On the margin of the instructions the words "given" and "refused" appear.   But this is not sufficient to warrant us in treating the instruction as refused.   *Barbee v. Hereford*, 48 Mo. 323.

III.   The verdict of the jury was, so far as the number of witnesses is concerned, against the weight of testimony.   And it is quite probable that the jury being authorized by the provision of the statute in question to find the defendant guilty of simple assault and battery, under the indictment for a felonious assault, were influenced to convict of the assault and battery in consideration of the defendant escaping the graver punishment.   But the jury are the judges of the credibility of the witnesses, and the strength of the evidence.   And, the trial judge is better qualified to judge of the unreasonableness of the verdict, and the propriety of a rehearing on the facts, than we are.

In the absence of glaring indication of a wreckless disregard of the evidence by the jury, this court will not interfere.

The judgment of the circuit court must, therefore, be affirmed. All concur.