## THE STATE v. HUGHES, *Appellant*.

1. **Pleading, Criminal**: INDICTMENT: JEOFAILS. The defects of an indictment which fails to state the time and venue of an offense, are cured by the statute of jeofails after verdict. R. S. 1879, § 1821.

2. ———: PRACTICE, CRIMINAL : ALLEGATIONS: PROOF. In a criminal prosecution the time alleged in the indictment as the date of the commission of an offense, must be within the time prescribed for limiting the prosecution, and the proof must be of a day before the finding of the indictment and within the period prescribed for limitation.

3. **Practice, Criminal**: VENUE. Where the bill of exceptions fails to show that the offense was proved to have been committed in the county where the indictment was preferred, the judgment will be reversed.

4. **Criminal Law**: DISTURBING PEACE OF NEIGHBORHOOD. In a prosecution under Revised Statutes 1879, section 1527, for disturbing the peace of a neighborhood, to sustain a conviction, it must be shown that the peace of those residing in the vicinity of each other, and regarded as neighbors, was disturbed. It is not enough to show that the peace of those assembled at a park or other public place was disturbed.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, Judge.

REVERSED.

No brief for appellant.

*D. H. McIntyre*, Attorney General, for the State.

The omission to lay the venue of the offense in the indictment is cured by the statute of jeofails. It provides that "no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected;     *     * for want of a proper or perfect venue; nor for want of any venue at all." R. S. 1879, § 1821. Nor does the failure to. allege the time of the commission of the offense invalidate the indictment. Time was not of the essence of the offense.

R. S. 1879, § 1821; *State v. Findley*, 77 Mo. 338, and cases cited. If the willful and unlawful acts of the defendant disturbed the peace of persons in a public place, where they had the right to be, the offense was committed. *State v. Lunn*, 49 Mo. 90.

PHILIPS, C.—On the 5th day of July, 1880, the defendant, with others, was indicted in the Buchanan circuit court for disturbing the peace of a neighborhood. The indictment is as follows : " The grand jurors of the state of Missouri, within and for the body of the county of Buchanan being duly empanelled and sworn, do present that Robert Hughes (naming the other indictees) did unlawfully and willfully disturb the peace of a neighborhood by loud and unusual noises, by quarreling and fighting, and by loud, indecent and offensive conversation contrary, etc." On trial had at the July term, 1881, the defendant was found guilty, and his punishment assessed by the jury at four months, imprisonment in the county jail. From the judgment entered thereon the defendant has appealed to this court.

I. This whole record, beginning with the indictment and ending with the trial, shows great carelessness and inattention on the part of the representatives of the state, both as to matters of form and substance in the proceedings. No venue or time is laid in the indictment. These defects are cured however by the statute of jeofails after verdict. R. S. 1879, § 1821; *State v. Findley*, 77 Mo. 338. But, the remarkable condition of the case is that the record discloses that the indictment was found and presented in court on the 5th day of July, 1880, the trial had on the 12th day of July, 1881; and it is impossible from the evidence preserved in the bill of exception to tell whether the offense, actually tried, occurred prior to the finding of the indictment. One witness testified to an affray occurring " sometime in July, 1880." The next witness to " the 18th day of July, 1881." If he meant 1880 it was thirteen days

after the indictment was presented. The other witnesses testify that the disturbance occurred "in July," no day or year being given. There might not be reversible error in any of this, as the first witness fixed the time "sometime in July, 1880;" but when the state presented its instructions it asked the court to tell the jury, and the court did tell the jury that if they believed from the evidence that the defendant with others "did on or about the 24th day of July, 1880, or within one year prior to said time" commit the offense they should find him guilty. The time fixed was nineteen days subsequent to the presentment of the bill. The instruction did not only authorize the jury to find the defendant guilty, if they believed the offense was committed on the 24th day of July, 1880, but on any other day between the 5th day of July, 1880, the date of the indictment, and the 24th day of July of that year. It is not essential that the state should prove that the offense occurred on any particular day. It will be sufficient if it appear that it occurred at any time within the year preceding the date of the bill of indictment. But it must affirmatively appear that the offense was committed prior to the presentment. In *State v. Magrath et al.*, 19 Mo. 678, Ryland, J., expresses the law aptly thus : " It is not important, as to what day is alleged or what day is proved, so that the time in the indictment is within the period prescribed for limiting the prosecution, and the proof is of a day before the finding of the bill of indictment by the grand jury, and within the period prescribed for limitation."

II. There is no evidence in the bill of exceptions showing proof of venue. It does not appear that the offense occurred even in this state. For this, if nothing more, the judgment must be reversed. *State v. Burgess*, 75 Mo. 541; *State v. Babb*, 76 Mo. 501.

III. Under the evidence in this case, I am of opinion the defendant should have been acquitted of the offense for which he stood indicted. This indictment is based on section 1527, R. S. 1879, which is as follows: " If any person or

persons shall willfully disturb the peace of any neighborhood or of any family or any person by loud and unusual noise, loud and offensive or indecent conversation, or by threatening, quarrelling, challenging or fighting, every person so offending," etc. The charge against this defendant is for disturbing the peace of a neighborhood. It is worthy of note that this section distinguishes this offense from that of disturbing the peace of a family or of any person. The term neighborhood has a well understood meaning in common acceptation. Webster defines it: 1. The quality or condition of being a neighbor or of dwelling near. 2. A place near; vicinity; adjoining district; a region, the inhabitants of which may be counted as neighbors. 3. The inhabitants who live in the vicinity of each other. The evidence merely discloses that the place where this breach of the peace occurred was a park where beer seems to have been dispensed. There was an assemblage of people there. Nobody was disturbed, so far as the evidence disclosed, other than those thus assembled. There is not one word of evidence to indicate that anybody in "the neighborhood" was disturbed or that they even heard of the affray. The case was evidently tried on the theory that it was sufficient to sustain the charge to show that the people assembled at this park were disturbed. The disturbing of such assembly of people, if assembled for a lawful purpose, is an offense specially provided for in the succeeding section, 1528, of the statute, and, therefore, it cannot be punished under an indictment founded on the other section for disturbing a neighborhood. The strict construction placed upon this statute is indicated by the cases of *State v. Jones*, 53 Mo. 486 and *State v. Schieneman*, 64 Mo. 386.

The instruction asked by defendant, or its equivalent in direct and explicit terms, should have been given, declaring, in effect, that unless the peace of the neighborhood, or some portion of it, was disturbed distinct from the assembly of persons at the park the defendant should be acquitted.

The judgment of the circuit court is reversed and the cause remanded. All concur.