## The State v. Jackson, *Appellant.*

1. **Criminal Law**: LARCENY: POSSESSION. Defendant pastured cattle for one T. They escaped and when they returned to T's there were two with them that did not belong to the latter. Defendant claimed the two as his and sold them to T. *Held,* in a prosecution against defendant for the larceny of the two, that this tended to prove that they had previously been in his possession.

2. ———: VENUE, PROOF OF. Venue need not be proved by direct evidence, but may be proved indirectly.

8. ———: LARCENY: VENUE. One who steals property in one county and takes it into another may be indicted, tried and convicted in the latter county. Where one steals cattle in one county, and they escape from him, and he pursues them into another county, and there takes possession of them as his property, and disposes of them, as such, he is guilty of stealing the property in the latter county. R. S., sec. 1691.

*Appeal from Lewis Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Blair & Marchand* for appellant.

(1) There is no evidence that defendant took the

cattle or ever had them in his possession. To constitute larceny there must be an *actual taking* and an *actual transportation.* 2 Bouvier's Law Dic., Title, "Larceny;" 2 Whar. Crim. Law, sec. 1750; *State v. Witt,* 9 Mo. 663; *State v. Conway,* 18 Mo. 321; *State v. Martin,* 28 Mo. 530; *State v. Gazell,* 30 Mo. 92. (2) Fraud and trespass must combine to make larceny. *State v. Conway,* 18 Mo. 321; *State v. Williams,* 35 Mo. 224; *Hall v. Adkins,* 59 Mo. 144. (3) It is essential to show *actual transportation* to constitute larceny. *Hall v. Adkins, supra; State v. Gazell, supra.* (4) The cattle in question were either defendant's own or Dunlap's at the time he contracted with Tate for pasturing them. If his own, no crime or wrong was done. If Dunlap's, the fact that defendant claimed them as his did not change the ownership or possession thereof, nor did his claim or contract of pasturage make a constructive taking and removal. *State v. Martin,* 28 Mo. 530. (5) The verdict shows prejudice against defendant and should be set aside. *State v. Burgdorf,* 53 Mo. 65; *State v. Musick,* 71 Mo. 401; *State v. Cook,* 58 Mo. 548.

*B. G. Boone,* Attorney General, for the state.

(1) The indictment is sufficient. *State v. Owen,* 78 Mo. 367. Time is not of the essence of the offence, in this case, and it was not necessary to allege a day certain on which the larceny was committed. R. S., sec. 1821; *State v. Wilcoxen,* 38 Mo. 370. (2) The first instruction is correct and the second properly authorized a conviction for grand larceny under section 1307, Revised Statutes. 1 Whar. on Cr. Law (8 Ed.) sec. 908; 2 Bish. Crim. Law (7 Ed.) sec. 882, note 3; *State v. Martin,* 28 Mo. 530. (3) The third instruction has been approved by this court. *State v. Kelley,* 73 Mo. 608. The possession of Tate was the possession of defendant. *Williams v. Evans,* 39 Mo. 205; *Gates v. Fitzpatrick,* 64 Mo. 185.

(4) Although there were two counts in the indictment, but one offence was charged, and a general verdict was sufficient. *State v. Miller*, 67 Mo. 604. (5) The word "feloniously" was properly used in the indictment, but was not used or defined in the instructions. It was not necessary. The word is only used to classify offences, but it is not a distinct element of crime. *State v. Snell*, 78 Mo. 240. (6) The asportation was complete. 2 Carrington & Payne's Reports, 423; 1 Whar. Cr. L. (8 Ed.) sec. 924; *Hogsett v. State*, 40 Miss. 522. Defendant had the property in his possession, sold it soon afterwards, and has failed to satisfactorily explain how he came by it. This is sufficient to sustain a verdict of guilty under the indictment. *State v. Hollet*, 19 N. W. Rep. 206.

HENRY, C. J.—Defendant was indicted by the grand jury of Lewis county for stealing a steer and a heifer, the property of one Dunlap. He pleaded not guilty, but, on a trial of the cause, was found guilty and sentenced to two years' imprisonment in the penitentiary, and has prosecuted this appeal. The evidence was substantially as follows: In June, 1884, defendant agreed with Horace Tate to pasture for him about thirty head of young cattle. Defendant lived on the "Mendenhall farm," about four miles from Tate. He took the cattle and placed them in his pasture, from which in less than a month they escaped and went back to Tate's, and were, with the two which defendant is alleged to have stolen, turned into Tate's pasture. A few days after defendant went to Tate's, and, claiming the two which did not belong to Tate, agreed with the latter to pasture them for him, and, shortly after, sold them to Tate. The evidence clearly establishes Dunlap's ownership of the cattle, and there was abundant evidence that defendant committed the theft of which he was accused.

It is urged that there was no proof that defendant ever had possession of the cattle, but the fact that Tate's

cattle escaped from defendant's possession, and that these went with them to Tate's, and that, in a day or two afterwards, defendant went to Tate's and claimed them as his own, certainly tends to prove that they had previously been in his possession.

The only plausible objection to the verdict relates to the proof of venue. There is express testimony that both Tate and Dunlap resided in Lewis county. That in 1883 defendant lived in Lewis county, and in 1884 moved to the "Mendenhall farm." The location of that farm with reference to Tate's, Dunlap's and other farms, proved to be in Lewis county, was evidence from which the jury might have found that the crime was committed in Lewis county, but, aside from this, it is provided that if one steals property in one county and carries it into another, he may be indicted, tried and convicted for the larceny in the latter county, in the same manner as if such larceny had been committed there. Sec. 1691, R. S., 1879. If the cattle had escaped from his possession in the county in which they where stolen, and he pursued and found them in anoter county, and there took possession of them as his property, and disposed of them, as such, he was guilty, under section 1691, of stealing the property in the latter county. The case is fully embraced by that section.

In either view the evidence warranted the conviction, and the judgment is affirmed. All concur.