STATE OF MISSOURI, Respondent, v. JOHN KINDRICK ET AL., Appellants.

St. Louis Court of Appeals, April 6, 1886.

1. CRIMINAL LAW—INDICTMENT—DISTURBING RELIGIOUS CONGREGAᵧTION.—An indictment, charging the defendant with having disturbed a religious congregation, must allege that the place where the congregation met was set apart for religious worship, and must describe the place with sufficient definiteness as to identify the offence.

2. —— A failure to prove that the offence was committed in the county where the indictment was found is a fatal defect.

APPEAL from the Wright County Circuit Court, W. J. WALLACE, Judge.

*Reversed and remanded.*

JOHN O'DAY, E. D. KENNA, and F. M. MANSFIELD, for the appellants: The record will not warrant the vaguest conjecture as to the location of the alleged offence. It will not do to even suppose that it happened in Missouri, for there is no proper foundation for such a belief. The record tells us it was on the "Lebanon & Hartville road," and it tells us no more. For the failure of proof in this particular, the case must be reversed. *The State v. Hughes*, 82 Mo. 88; *The State v. Babb*, 76 Mo. 503; *The State v. Hartwell*, 75 Mo. 251; *The State v. Burgess*, 75 Mo. 541; *The State v. McGuire*, 74 Mo. 245; *The State v. Hughes*, 71 Mo. 634.

T. H. MUSICK, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

On March 4, 1885, the grand jurors of Wright county returned the following indictment:

"State of Missouri, )
"County of Wright. )

"In the circuit court of Wright county, March term,
A. D. 1885.

"The grand jurors for the state of Missouri, summoned from the body of Wright county, impaneled, charged, and sworn, upon their oaths, present that John Kindrick and Hiram Randolph, late of the county aforesaid, on the second day of November, 1884, at the county of Wright, state aforesaid, did wilfully and unlawfully, maliciously and contemptuously, disquiet and disturb a certain congregation and assembly of people met for religious worship, by making a noise, and by rude behavior, so near the * * * assembly as to interrupt and disturb the order and solemnity thereof, against the peace and dignity of the state."

The defendants in due time, moved to quash the indictment on the following grounds: (1) Because the indictment did not allege any place of meeting of said religious congregation or assembly. (2) Because the indictment did not allege the religious congregation or assembly to have met in a place set apart for religious exercise. (3) Because the name or character of the congregation was not alleged. (4) Because the indictment did not allege the assembly to have been composed wholly, or in part, of inhabitants of the state. (5) Because the indictment did not describe any offence with sufficient particularity that judgment upon it might be pleaded in bar of a subsequent prosecution for the same offence.

The court overruled this motion, whereupon the defendants were tried, convicted, and sentenced. They appeal and assign for error, among other things, that the evidence is not sufficient to warrant a conviction, and that the indictment is insufficient, and should have been quashed, and that their motion in arrest should have been sustained.

The evidence adduced at the trial failed to prove that the alleged offence was committed in Wright county. This, of itself, was a fatal defect, as decided by this court at the present term in *The State v. Hopper, post,* p. 510. For this reason, among others, the defendant's motion for a new trial should have been sustained.

The indictment was clearly insufficient. It failed to aver that the place where the congregation met was set apart for religious worship, so as to conform to the ruling of the supreme court in *The State v. Schieneman* (64 Mo. 386, 387). It furthermore failed to set out the place and the offence with sufficient definiteness so as to establish its identity. *The State v. Wacker,* 16 Mo. App. 417, 421 ; *Wheat v. The State,* 6 Mo. 455; *The State v. Hogan,* 31 Mo. 340.

The indictment should have been quashed, and as this was not done the defendant's motion in arrest should have been sustained.

All the judges concurring, the judgment is reversed and the cause remanded, to be proceeded with in conformity with this opinion.