THE STATE v. KING, *Appellant*..

Division Two, October 10, 1892.

1. **Criminal Practice:** VENUE: EVIDENCE. Evidence that an offense occurred at a certain place is insufficient to establish the venue where it does not appear that the place was in the county charged in the indictment.

2. ———: ASSAULT WITH INTENT TO KILL: STATUTE. An indictment for cutting and stabbing with intent to kill, with malice aforethought, will authorize an instruction on, and a conviction of, such cutting and stabbing without malice aforethought. (Revised Statutes, 1889, sec. 3950.)

*Appeal from Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*John M. Swallow* for appellant.

(1) The bill of exceptions fails to show the venue of the offense, and for this reason the judgment must necessarily be reversed. *State v. McGinniss*, 74 Mo. 245; *State v. Hartnett*, 75 Mo. 251; *State v. Hughes*, 82 Mo. 86. (2) The tenth instruction given for the state was erroneous. *State v. Melton*, 102 Mo. 683.

*John M. Wood*, Attorney General, for the State.

GANTT, P. J.—The defendant was indicted by the grand jury of Sullivan county for an assault with intent to kill, convicted and sentenced to two years in the penitentiary. He assigns as error in his trial that there was no proof that he committed the offense in Sullivan county.

J. D. Elliott, the party assaulted, says he was in Cora with a load of ties, when he and the defendant had their difficulty. But it nowhere appears that Cora, if a town or village, is in Sullivan county, or in this state. Such evidence has been held insufficient to establish the venue in a number of cases in this court. *State v. McGinniss*, 74 Mo. 245; *State v. Hartnett*, 75 Mo. 251; *State v. Hughes*, 82 Mo. 86; *State v Burgess*, 75 Mo. 541. Unlike *State v. Sanders*, 106 Mo. 188, and *State v. Jackson*, 86 Mo. 18, the other facts and circumstances do not supply the failure caused by the want of direct evidence.

II. Various objections are made to the instructions, particularly the tenth for the state. That instruction authorizes the jury to find the defendant guilty of an assault with intent to kill or do some greatly bodily harm, if they found the stabbing or cutting was without malice aforethought. This is the law since the adoption of section 3950 into our statutes. *State v. Johnson*, 81 Mo. 60; *State v. Schloss*, 93 Mo. 361.

Counsel makes the point that this instruction is erroneous under our ruling in *State v. Melton*, 102 Mo. 683. In that case it was expressly said: "If, in order to have proved an assault with the instrument named in the indictment, proof of the wounding had also been necessary, then under section 1655, Revised Statutes,

1879 (Revised Statutes, 1889, sec. 3950), a verdict for wounding would have been authorized." In this case the charge in the indictment is that defendant "of his malice aforethought did cut, stab and wound said Elliott with said knife with the intent then and there to kill," etc. Here defendant was notified that he must meet the charge of cutting and stabbing the prosecutor with a knife, and whether the proof shows it was done with malice aforethought or with intent to kill or do great bodily harm without malice aforethought, the charge includes the offense, and his conviction would be lawful.

We see no other error in the instructions. Number 3 for the state might well have been omitted, containing, as it does, a mere abstract proposition of law.

For the failure to prove the venue the cause must be and is reversed and remanded for a new trial. All concur.