STATE OF MISSOURI, Appellant, v. ED STEGALL, Respondent.

St. Louis Court of Appeals, February 25, 1896.

1. **Criminal Law**: DISTURBANCE OF RELIGIOUS CONGREGATION: INFORMATION. An information, under Revised Statutes, section 3785, for the disturbance of a religious congregation, is properly quashed on motion, when it fails to set out the place of the offense with sufficient definiteness, or to allege that the place where the congregation met was set apart for religious worship.

2. ———: INFORMATION FILED IN JUSTICES' COURTS: AMENDMENT ON APPEAL. An insufficient information filed before a justice of the peace can not be amended in the circuit court on appeal.

*Appeal from the St. Francois Circuit Court.*—HON. WILLIAM CARTER, Special Judge.

AFFIRMED.

*J. A. Abernathy* for appellant.

(1) The trial court erred in quashing the original information filed in this cause. The information follows and pursues the language of the statute. It is sufficient if the offense be set forth with substantial accuracy and certainty to a reasonable intendment. The substantial rights of defendant are not prejudiced thereby. R. S., sec. 3785; *State v. Fare*, 39 Mo. App. 111; *Vaughn v. State*, 4 Mo. 535; *State v. Ross*, 25 Mo. 428–430; *State v. Coulter*, 46 Mo. 565, 566; Kelley's

Criminal Law and Practice, p. 632. (2) The court committed error in striking the amended information from the files of the trial court. There is no such thing in this state as a statutory information; it is a common law information. *State v. Ransberger*, 42 Mo. App. 466-474. Informations may be amended at common law. 1 Bishop's Criminal Procedure, section 611, p. 611, and note 5. The information of the common law is the information prescribed by the constitution, and no other mode can be authorized by the legislature. *State v. Ransberger*, 42 Mo. App. 466-474; *State v. Kelm*, 79 Mo. 515; *State v. Briscoe*, 80 Mo. 643; *State v. Russell*, 88 Mo. 649. The amended information filed by the prosecuting attorney is authorized by statute. R. S., sec. 4331. *State v. Wonderly*, 17 Mo. App. 598-602.

*J. N. & Jerry B. Burks* for respondent.

(1) The trial court did not err in quashing the original information filed in this cause. It was fatally defective. *State v. Kindrick*, 21 Mo. App. 507; *State v. Schieneman*, 64 Mo. 386, 387; *State v. Wacker*, 16 Mo. App. 417-421; *Wheat v. State*, 6 Mo. 455; *State v. Hogan*, 31 Mo. 340. (2) The amended information should have been stricken from the files. The only right to amend informations and indictments is that given by statute. The right to amend at common law, especially in matters of substance, did not extend to criminal cases. 2 Cooley's Blackstone [2 Ed.], 527 star p. 376. Revised Statutes, section 4331, only permits informations filed in a justice's court to be amended in that court, and there only before the case is finally submitted to the justice or a jury. Therefore, no right of amendment existed in this case.

BIGGS, J.—This proceeding was commenced before a justice of the peace. When the case reached the cir-

cuit court, a motion to quash the information was sustained. The prosecuting attorney filed an amended information, which the circuit court, on motion of defendant, struck from the files. The state has appealed.

That the motion to quash was properly sustained, admits of no doubt. The charge was the disturbance of a religious congregation (R. S. 1889, sec. 3785). The information failed to allege that the place, where the congregation met, was set apart for religious worship, and it did not set out the place of the offense with sufficient definiteness. The charge in the language of the information was that the defendant and others on a certain day, etc., in St. Francois county, "did then and there unlawfully, willfully, maliciously, and contemptuously, disturb and disquiet a congregation of people then and there met for religious worship," etc. Under the decisions both of this court and the supreme court the information was defective and insufficient in the respects above stated. *State v. Kindrick*, 21 Mo. App. 507; *State v. Schieneman*, 64 Mo. 386.

Neither did the circuit court commit error in striking out the amended information. *State v. Russell*, 88 Mo. 648; *State v. Kemple*, 27 Mo. App. 392. These cases expressly hold that the right of amendment under such circumstances does not exist; that section 4331 of the Revised Statutes, 1889, only authorizes an information to be amended while the case is pending before the justice, and then only before final submission to the jury, and that section 6347 of the statute refers solely to amendments in civil causes. In the case of *State v. Wonderly*, 17 Mo. App. 597, a contrary opinion is expressed. It was there held that section 4333, *supra*, then section 2027, of the Revised Statutes of 1879, authorized the amendment of an information in the appellate court. On that point that case must be

considered as having been overruled by the more recent decisions above referred to.

It follows that the judgment of the circuit court must be affirmed.   All the judges concur.