THE STATE OF MISSOURI, Respondent, v. WILLIAM ELLIS, Appellant.

Kansas City Court of Appeals, May 17, 1897.

Criminal Law: INDICTMENT FOR DISTURBING RELIGIOUS WORSHIP: PLACE SET APART. An indictment for disturbing religious worship, which neither in form nor substance alleges that the place where the congregation met was set apart for religious worship, is fatally defective.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND DEFENDANT DISCHARGED.

*Geo. W. Harrison* and *Chas. E. Morrow* for appellant.

The indictment is fatally defective. It does not charge that "Crab Orchard" schoolhouse, the alleged place where the congregation charged to have been disturbed had met, was set apart for religious worship. *State v. Fugitt*, 66 Mo. App. 625; *State v. Stegall*, 65

Mo. App. 243; *State v. Kindrick*, 21 Mo. App. 507; *State v. Schieneman*, 64 Mo. 386.

*Nick M. Bradley* for respondent.

(1) The indictment in this case follows the language of the statute, which sets forth all the facts necessary to constitute the offense. R. S. 1889, sec. 3785. (2) The rule of pleading is that when all the facts which constitute the offense are set forth in the statute it will be sufficient to charge the offense in the language of the statute. *State v. Kesterling*, 12 Mo. 565; *State v. Davis*, 70 Mo. 467; *State v. Johnson*, 95 Mo. 317; *State v. James*, 37 Mo. App. 214; *State v. Atkins*, 40 Mo. App. 344. (3) The question involved in this case is not the question that determined the fate of the indictments in the cases cited by appellant in his brief. The court held in those cases that the pleader did not set out the place of the offense with sufficient definiteness to satisfy the requirements of the constitution. *State v. Fugitt*, 66 Mo. App. 625; *State v. Stegall*, 65 Mo. App. 243; *State v. Kindrick*, 21 Mo. App. 507.

GILL, J.—Defendant was indicted, tried, and found guilty of disturbing a congregation assembled for religious worship, and has appealed to this court. The only question raised on this appeal relates to the court's action in overruling defendant's motion to quash the indictment. The specific objection to the indictment, which was pointed out in the motion to quash, is that it fails to allege that the place where the congregation met was set apart for religious worship.

CRIMINAL law: indictment for disturbing religious worship: place set apart.

The indictment does not so allege, either in form or substance, and under the following decided cases we are bound to hold the same insufficient. *State v. Schie-*

*neman*, 64 Mo. 386; *State v. Kindrick*, 21 Mo. App. 507; *State v. Stegall*, 65 Mo. App. 243; *State v. Fugitt*, 66 Mo. App. 625.

Judgment reversed and defendant discharged. All concur.