STATE OF MISSOURI, Respondent, v. HOTTLE, Appellant.

St. Louis Court of Appeals, January 19, 1904.

CRIMINAL LAW: Venue. In a prosecution against a druggist under section 3051, Revised Statutes of 1899, for permitting the drinking of intoxicating liquors in defendant's place of business, where the evidence failed to show that the place of business was in the county where the information was filed, or in this state, the venue was not established.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

REVERSED AND REMANDED.

State v. Hottle.

*Whiteside & Yant* for appellant.

(1)   The venue was not proven, neither by direct proof nor by proof of facts and circumstances from which it could be made to appear that the offense charged was committed in Clark county, Missouri; hence the evidence does not show jurisdiction and will not support verdict of guilty.   State v. McGinnis, 74 Mo. 245; State v. Hartnett, 75 Mo. 251; State v. Burgess, 75 Mo. 541; State v. Babb, 76 Mo. 501; State v. King, 111 Mo. 576; State v. Hopper, 21 Mo. App. 510; State v. Quaite, 20 Mo. App. 405.   (2)   The intent of the law is the prime object to be kept in view in its construction, and the general purpose and object of the statute and the mischief it was intended to remedy is not to be overlooked in its construction and the interpretation should be reasonable.   Carson Rand v. Stern, 129 Mo. 381; Ross v. Railway, 111 Mo. 18; Neenan v. Smith, 50 Mo. 525; Spitler v. Young, 63 Mo. 42.   The statute upon which this prosecution is based was not meant to apply to cases such as the proof shows this to be.   R. S. 1899, secs. 3047 and 3051; State v. Larrimore, 19 Mo. 391, and authorities above cited under point last preceding.   (3)   The statute under which this prosecution is had, applies only to a special class, druggists, and the state must prove that defendant was a licensed merchant or druggist who had continuously in his employ to fill or superintend the filling of all prescriptions, a registered pharmacist.   State v. Basket, 52 Mo. App. 389; State v. Wells, 28 Mo. 565; State v. Alexander, 73 Mo. App. 605; State v. Workman, 75 Mo. App. 454; State v. Quinn, 67 S. W. 974.   (4)   There was nothing in this case to warrant the judge in commenting upon the argument of counsel for defendant, as was done in the instruction given by the court upon his own motion. And this same instruction construes the statute in a manner which we claim is erroneous.

*W. T. Rutherford* for respondent.

(1) Where the venue is not proven by direct and positive evidence, courts and juries will examine the whole evidence for facts and circumstances from which it may be fairly deducible. State v. Bailey, 73 Mo. App. 576; State v. Sanders, 106 Mo. 188; State v. Chamberlain, 89 Mo. 129; State v. Hill, 96 Mo. 357; State v. Knolle, 90 Mo. App. 238; State v. Ruth, 14 Mo. App. 226; State v. Fitzporter, 16 Mo. App. 282; State v. Nolle, 96 Mo. App. 524; State v. Snyder, 44 Mo. App. 429; R. S. 1899, sec. 3039; (2) The defendant's drugstore and place of business being in Wyaconda, and the proof showing the liquor was drunk in the drugstore, and Wyaconda being an incorporated city of the fourth class, prior to and at the time the offense is charged to have been committed, the court will take judicial knowledge of its incorporation, which will disclose the fact that Wyaconda is in Clark county, Missouri. R. S. 1899, sec. 5894; City of Brookfield v. Tooey, 141 Mo. 619; City of Trenton v. Devorss, 70 Mo. App. 8; City of Savannah v. Dickey, 33 Mo. App. 522; City of Billings v. Dunnaway, 54 Mo. App. 1; City of Clarence v. Patrick, 54 Mo. App. 462.

BLAND, P. J.—The defendant, a proprietor of a drugstore, was convicted of a violation of section 3051, R. S. 1899, for permitting the drinking of intoxicating liquors in his place of business. From this conviction he appealed.

It is contended by appellant that there was no proof of the venue. The evidence showed that Dr. J. W. Peckstein was a registered pharmacist in Clark county; that he resided in Wyaconda and had his office in the same building in which the defendant kept a drugstore and that he was the owner of the building. Witness Speer testified that he lived in Wyaconda and that he had

drunk beer in the back room of defendant's drugstore. On this evidence it reasonably appears that defendant's drugstore was kept in Wyaconda; but it nowhere appears that Wyaconda, if a town or village, is in Clark county or in this State. Such evidence is insufficient to establish the venue. State v. King, 111 Mo. 576, and cases cited.

The judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.