STATE OF MISSOURI, Respondent. v. JOHN ALFORD et al., Appellants.

Springfield Court of Appeals, April 4, 1910.

1. CRIMINAL LAW: Disturbing Peace of Congregation: Information.    An information charging defendants with disturbing the peace of a congregation met at a certain designated place for religious worship, should be held sufficient so far as the allegations fixing the place are concerned, but the courts of appeals have expressly declared that the information should contain the further allegation that the place was *set apart* for religious worship.    Had the disposition of this case depended upon this point, it would have been certified to the Supreme Court.

2. ————: Misdemeanors: Justices of the Peace: Prosecutions, When Commenced.    R. S. 1899, sec. 2748, as amended by the Act of 1907, provides that all prosecutions before justices of the peace for misdemeanor shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed, so, where the prosecution of defendants was commenced before a justice of the peace of one township for a misdemeanor committed in another township, they should be discharged on appeal.

3. ————: Proof of Venue.    It is not necessary that the venue of a crime be proved by direct and positive evidence.    It is sufficient if it can be reasonably inferred from the facts and circumstances proved; yet it has always been held necessary to either prove the venue by direct testimony or by such circumstances that the same may be inferred.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED.

*E. P. Dorris* for appellants.

(1)  It is the well-settled law of this State that in this class of cases it is necessary for the information to allege and set out that the place where the alleged offense occurred was then and there set apart for religious worship.  State v. Kindrick, 21 Mo. App. 507; State v. Stegall, 65 Mo. App. 243; State v. Fugitt, 66 Mo. App. 625; State v. Ellis, 71 Mo. App. 269; State v. Schieneman, 64 Mo. 386.   (2) This failure to prove the venue is necessarily fatal to the prosecution, and calls for a reversal of the case.   State v. Quaite, 20 Mo. App. 405; State v. Hopper, 21 Mo. App. 510; State v. Schuerman, 70 Mo. App. 518; State v. Hottle, 104 Mo. App. 34; State v. Hughes, 71 Mo. 633; State v. McGrath, 73 Mo. 181; State v. McGinnis, 74 Mo. 245; State v. Hartnett, 75 Mo. 251; State v. Burgess, 75 Mo. 541.

*J. D. Brooks* for respondent.

GRAY, J.—A criminal prosecution by information filed by the prosecuting attorney of Oregon county, June 12, 1907, charging the defendants with disturbing the peace of a congregation met for religious worship.  The cause was tried at the November term, 1907, of the court, resulting in a conviction, and a fine of $10 against each of the defendants, as the penalty for their alleged offense.   The defendants appealed to the St. Louis Court of Appeals and that court, by order legally made, transferred the cause here.

In the trial court, the defendants challenged the sufficiency of the information, and now present that question to us.   The information reads as follows (omitting caption) : "J. D. Brooks, prosecuting attorney within and for Oregon county, Missouri, under his oath of office informs the court that Chas. Alford, John Bell, John Alford, . . . . . . . . . : late of the county

of Oregon and State aforesaid, on or about the 8th day of June, 1907, at Dry Creek school and church house, in Jobe township, in said county and State aforesaid; a congregation and assembly was met. for religious worship and the exercises had begun and were in progress, whereupon Chas. Alford, John Bell, John Alford ........... and divers other 'lewd fellows of the baser sort,' whose names are to this prosecuting attorney unknown, willfully, maliciously and contemptuously did disquiet and disturb said meeting, congregation and assembly, thus aforesaid met for religious worship within the place of worship, where such congregation and assembly had thus met and so near the same as to interrupt and disturb the order and solemnity thereof by then and there making noises, and by rude and indecent behavior and profane discourse; against the peace and dignity of the State."

The objection made to the information is, that it does not allege that the place where the alleged offense was committed, was then and there set apart for religious worship. If this question was undecided in this State, we would be inclined to hold such an allegation unnecessary. The statute reads: "Every person who shall willfully, maliciously or contemptuously disquiet or disturb any camp meeting, congregation or other assembly met for religious worship, or dispersing therefrom, etc."

This is a misdemeanor, and the statute contains no express language requiring that the place should have been set apart for religious worship. It seems to us that an information simply charging that it was an assembly met at some designated place for religious worship should be held to be sufficient. But beginning with State v. Kindrick, 21 Mo. App. 507, and several times since then, the courts of appeals have expressly declared this allegation necessary. In fact, the Supreme Court has placed this construction upon the statute in State v. Schieneman, 64 Mo. 386. In that case, however,

the court was speaking of a meeting on the public square in the city of Hannibal, and nothing said in that case can be construed to mean that if an information charges that the congregation met at a certain church house, that it is also necessary to allege that this church house had been set apart as a place for religious worship.

In this case the information does charge that the congregation had met at the Dry Creek school and church house. We believe that the allegation that the congregation met at a certain church house is sufficient under the statute, and if the disposition of this case depended upon this point, we would certify the cause to the Supreme Court as being in conflict with the cases of State v. Kindrick, 21 Mo. App. 507; State v. Stegall, 65 Mo. App. 243; and State v. Ellis, 71 Mo. App. 269.

The information charges that the offense was committed in Jobe township, and the prosecution was commenced before George W. Johnson, a justice of the peace of Johnson township. Section 2748 of the Revised Statutes 1899, as amended by the act of the Legislature in 1907, reads: "Provided, that all prosecutions before justices of the peace for misdemeanor shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed."

We had occasion to pass on this statute in State of Missouri v. Grant Sexton, at the last term of this court, and we there held that in order to give jurisdiction in a misdemeanor prosecuted before a justice of the peace, that the prosecution must be instituted before some justice of the peace in the township where it is claimed the offense was committed. It is a general rule that the justice of the peace has only such jurisdiction as the statute confers upon him, and that the facts giving such jurisdiction must affirmatively appear on the face of the proceeding. [Barnes v. Plessner, 121 Mo. App. 677, 97 S. W. 626; Shaw v.

Railroad, 110 Mo. App. 561, 85 S. W. 611; Patchen v. Durrett, 116 Mo. App. 437, 92 S. W. 721.]

The Legislature has the right to say in what jurisdiction statutory misdemeanors shall be prosecuted, and to make that jurisdiction exclusive. [State v. Gordan, 60 Mo. 383; State v. Hall, 189 Mo. 262, 87 S. W. 1181.]

In the case of State v. Sexton, supra, the authorities upon this point are collected, and we re-affirm what we said in that case.

The evidence fails to inform us as to the county or State in which the church house was situated. From the beginning of the testimony to its close, there is not a question asked or answered in which the word "county" is used, and while it is said by the Supreme Court in State v. Shour, 196 Mo. 202, 95 S. W. 405: "It is not necessary that the venue of a crime be proved by direct and positive evidence. It is sufficient if it can be reasonably inferred from the facts and circumstances proved," yet, it has always been held necessary to either prove the venue by direct testimony, or by such circumstances that the same may be inferred. [State v. Bush, 136 Mo. App. 608, 118 S. W. 670; State v. Kindrick, 21 Mo. App. 507; State v. King, 111 Mo. 576, 20 S. W. 299; State v. Hottle, 104 Mo. App. 34, 78 S. W. 311.]

The failure to prove venue does not mean that the defendants are entitled to a discharge, as this was undoubtedly an oversight and could be cured on a new trial, but the failure to begin the suit in the township in which it is alleged the offense was committed, is fatal, and cannot be cured. For this reason, the judgment of the trial court will be reversed and the defendants discharged. All concur.