STATE OF MISSOURI, Respondent, v. AIRY JOHNSON, Appellant.

Springfield Court of Appeals, July 7, 1910.

CRIMINAL LAW: Disturbing Peace of Neighborhood: Sufficiency of Evidence. Defendant was arraigned and tried on a charge of disturbing "the peace of the neighborhood of the public square" of the city of Springfield, by cursing, swearing, etc. The witnesses who testified to these facts did not live near the square; there was not testimony that any person who lived or was in business in that part of the city knew anything about the trouble; it was also shown that it was in the evening and the stores were generally closed at that hour. Held, that the evidence was insufficient to sustain the charge. (Following State v. Hughes, 82 Mo. 86.)

Appeal from Greene Criminal Court.—Hon. Alfred Page, Judge.

REVERSED.

O. E. Gorman for appellant.

J. C. West, Prosecuting Attorney, for respondent.

GRAY, J.—On the 2nd day of December, 1909, the defendant was tried and convicted by a jury in the criminal court of Greene county, on an information reading

as follows: "J. C. West, Prosecuting Attorney, within and for the county of Greene, and State of Missouri, under oath of office, and upon the information of the affidavit of W. C. Dillard herein filed, informs the Court that Ira Johnson on or about the 4th day of August, 1909, at the said county of Greene and State of Missouri, did then and there wilfully and unlawfully disturb the peace of the neighborhood of the Public Square at the intersection of South street in the city of Springfield, Missouri, by cursing and swearing loud and unusual noise, loud and indecent and offensive conversation, and by challenging to fight. Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The evidence shows that the defendant, on the public square in the city of Springfield, and in the presence of several persons, cursed and swore in a loud, boisterous and offensive manner. There were two witnesses introduced by the State, who testified to the above facts. Neither of these witnesses lived near the public square, and there was no testimony offered to show that any person who lived or was in business in that part of the city, knew anything about the trouble. It was also shown that it was sometime after six o'clock, and that the stores were generally closed at that hour.

The facts in this case are identical with the facts in State v. Hughes, 82 Mo. 86, wherein the court said: "The evidence merely discloses that the place where this breach of the peace occurred was a park where beer seems to have been dispensed. There was an assemblage of people there. Nobody was disturbed, so far as the evidence disclosed, other than those thus assembled. There is not one word of evidence to indicate that anybody in 'the neighborhood' was disturbed or that they even heard of the affray. The case was evidently tried on the theory that it was sufficient to sustain the charge to show that the people assembled at this park were disturbed."

In that case the defendant asked, and the court refused to give an instruction declaring that unless the peace of the neighborhood or some portion of it was disturbed distinct from the assembly of persons at the park the defendant should be acquitted. The court held the instruction should have been given.

The Hughes case is the last opinion of our Supreme Court upon the statute which it is claimed defendant violated, and under that authority, the defendant is not guilty. We therefore reverse the judgment and discharge the defendant. All concur.