State v. Scobee.

---

THE STATE v. JOHN SCOBEE, Appellant.

**Division Two, February 17, 1914.**

1. **RECORD ENTRIES: Catchwords.** The words, "Motion for new trial filed and overruled," written opposite the style of the case and preceding the copy of the motion itself, on the record, are not a record entry of the filing of the motion, nor of the order overruling it, but were made for the convenience of the clerk in indexing and for reference; and such catchwords, or marginal notes, cannot eke out court orders.

2. ——: ——: **No Motion for New Trial.** If the record proper does not show that a motion for a new trial was filed and overruled, the purported bill of exceptions cannot be considered on appeal.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*J. B. Norman* and *G. W. Thornberry* for appellant.

*John T. Barker,* Attorney-General, and *S. P. Howell* for the State.

There is nothing in this case for the court to review but the record proper. (a) The abstract of the record proper contains no entry evidencing the filing of a motion for a new trial. It is true it appears from the bill of exceptions that such a motion was filed, but

this court has uniformly held that a mere notation in the bill of exceptions, in the absence of an entry in the record proper, is insufficient to save matter of exception for consideration on appeal. State v. Kimmons, 124 Mo. App. 498; State v. George, 221 Mo. 521; Stark v. Zehnder, 204 Mo. 449; Dalton v. Register Co., 248 Mo. 150; Bower v. Daniel, 198 Mo. 317; Kuczma v. Drosskowski, 243 Mo. 57.   (b)  The fact that the motion for a new trial is copied in the record proper, as in this case, is not equivalent to a record entry showing the filing of such motion.  The bill of exceptions alone should contain the motions and exceptions to the rulings, but the record proper should show that the motions were filed and the rulings of the court upon them.  State v. Little, 228 Mo. 296; State v. Glasscock, 232 Mo. 291; State v. Brennon, 164 Mo. 507; State v. Tooker, 188 Mo. 444; Harding v. Bedoll, 202 Mo. 631.   (c)   Marginal notations on the face of the record are insufficient to evidence the filing of a motion for a new trial.  A record entry is made in pursuance of an order of the court; notations on the margin of the record are the voluntary act of the clerk. They constitute no part of the record entry, and are mere surplusage.   They neither invalidate a proper record entry nor make valid an improper one.  State v. Johnson, 81 Mo. 60; Barbee v. Hereford, 48 Mo 323.

FARIS, J.—Defendant, convicted in the circuit court of Stone county of felonious assault, has appealed.  Against his averments of error arising out of matters of pure exception occurring upon the trial, the State, to foreclose examination of the bill of exceptions, urges that there is no order in the record showing either that the motion for a new trial was ever filed, or that it was ever overruled.

Looking to the record we note that under the style of the case the circuit clerk has set out a com-

plete copy of the motion for a new trial, but the record fails to show any order of the court regarding it.

It is true, that in the margin, opposite the style of the case and preceding such copy of the motion, the clerk has set out catch words, thus: "Motion for new trial filed and overruled," evidently for his own convenience in indexing and for reference; but there is not one word to indicate to us what the court did. A reference to other parts of this transcript shows conclusively that these are mere catchwords, even if we did not judicially notice the custom of circuit clerks in making up their records, as also the statutes requiring orders of the circuit court to be indexed. [Sec. 2685 and 3859, R. S. 1909.] Opposite the style of this case and preceding the sentence appear the words, "Sentence and judgment," as is likewise the case as to all other orders in this transcript. Catchwords, or marginal notes of the clerk, manifestly made for his own convenience, can not eke out court orders. [State v. Johnson, 81 Mo. 60; Barbee v. Hereford, 48 Mo. 323.] It follows that, since that which has been called the record proper to distinguish it from that part of the record made so by the timely and proper filing of a bill of exceptions, fails to show either that the motion for a new trial was filed or that it was overruled, there is nothing before us except the record proper. [State v. George, 221 Mo. 519; Hill v. Butler County, 195 Mo. 511.]

We have carefully examined the record proper and find no error therein of moment sufficient to justify reversal and therefore consider that the judgment should be affirmed. Let this be done. *Walker, P. J.,* and *Brown, J.,* concur.

*Margin note:* Motion for New Trial: Record Recital of Filing and Overruling.