STATE OF MISSOURI, Respondent, v. EDWARD KAUB, Appellant.

### St. Louis Court of Appeals, October 27, 1885.

1. CRIMINAL LAW—INFORMATION—LOTTERY.—A criminal information which charges the "wrongful and unlawful sale of a certain share or shares in a certain lottery, and device in the nature of a lottery, known as the Louisiana State Lottery," is sufficient.

2. —— VERIFICATION OF INFORMATION.—Such an information is sufficiently verified "upon information and belief" of the affiant.

3. APPELLATE JURISDICTION—CONSTITUTIONAL QUESTION.—The question of the jurisdiction of the courts of appeals on the ground that a constitutional question is involved, can be raised with propriety only when the question is a fairly debatable one.

4. —— CONSTITUTIONAL LAW.—The fourth amendment to the constitution of the United States has no application to the judiciary of a state.

APPEAL from the St. Louis Court of Criminal Correction, E. A. NOONAN, Judge.

*Affirmed.*

T. C. FLETCHER, for the appellant.

J. R. CLAIBORNE, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

Two questions only are presented for our consideration, arising upon this record. First, whether the information, filed, states a sufficient cause of action against the defendant; and, second, whether an information, verified only according to the best knowledge and information of the affiant, is constitutionally valid.

Upon an information, which charges the defendant with the "wrongful and unlawful sale of a certain share or shares, in certain lottery tickets, in a certain lottery and device in the nature of a lottery, known as the Louisiana State Lottery," etc., he was tried, found guilty,

and sentenced to pay a fine of one thousand dollars. He thereupon moved in arrest of judgment, on the ground that the information states no cause of action against him, because it fails to state where the Louisiana State Lottery is located, or that said lottery has a veritable and *bona fide* existence, or that the defendant conducted the business of selling as a vocation.

In *The State v. McWilliams* (7 Mo. App. 99), an information in almost the identical words as the one now before us, was adjudged by this court to be sufficient. We are not asked to review our former ruling and see no ground for doing so. The point, that the information is not verified by an affidavit stating the affiant's knowledge of the facts sworn to, but only by an affidavit stating that the facts are true according to the affiant's knowledge and belief, is likewise without merit. This objection was fully examined by this court in *The State v. Fitzporter* (16 Mo. App. 282), and was found untenable. We see no reason for departing from our conclusions there announced.

The additional objection, which is now advanced for the first time, namely: that section 1567 of the Revised Statutes, and section 19 of the act establishing the court of criminal correction, are in violation of the fourth article of the amendments of the constitution of the United States, raises no point involving the construction of the constitution of the United States, within the meaning of section 12, article 6, of the constitution of Missouri. In order to deprive this court of its appellate jurisdiction, the constitutional question arising in any cause must be one that is fairly debatable. Since the unanswerable argument of Chief Justice Marshall in *Barron v. Baltimore* (7 Pet. [32 U. S.] 250), the proposition there adjudged has never been seriously questioned. These amendments to the federal constitution were adopted as security against the apprehended encroachment of the general government, not against those of the state government. They impose no

restraint on the legislation or criminal procedure of the states of the union.

Finding no error in the record, we must affirm the judgment. With the concurrence of all the judges, it is so ordered.