THE STATE v. RUSSELL, *Appellant.*

1. **Criminal Law** : INFORMATION : AMENDMENT. An information for a criminal offence in a case originating in an inferior court cannot be amended in an appellate court.

2. ———: ———. The legislature cannot authorize the institution of a criminal prosecution in any other mode than that prescrbed by section twelve of article two of the constitution of 1875, and the word "information," as used in that section, means the common law pleading known by that name. *The State v. Kelm,* 79 Mo. 515.

*Appeal from Shannon Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*J. D. Storts* for appellant.

*B. G. Boone,* Attorney General, for the state.

The only error complained of by the appellant is that the information was not signed and verified by the prosecuting attorney. The record was made by a special prosecuting attorney, and although it is not expressly shown that he was appointed in the absence or inability to act of the regular prosecutor, this court will presume that the trial court proceeded regularly, and in conformity to law. *State v. Brown,* 75 Mo. 317.

HENRY, C. J.—The defendant was prosecuted before a justice of the peace of Shannon county for a misdemeanor, found guilty, and on appeal to the circuit court of the county was again convicted, and has appealed to this court. The complaint against him was made by one D. E. Dye, who made an affidavit before the justice,

charging defendant with the offence. Dye was not the prosecuting attorney. In the circuit court, the prosecuting attorney was permitted to file an amended information differing from that filed in the justice's court, in that it was signed by O. L. Smith, assistant prosecuting attorney, and averred that defendant, when he fired the pistol, was not "a sheriff, or other officer, in the discharge of any official duty."

I have failed to find in the statute any provision allowing, in an appellate court, an amendment to an information in a case originating in an inferior court. It was not an amendment that the prosecuting attorney filed in the circuit court. There was no information on file to amend. The information filed by him was the first one filed. Section 3060 has no application to criminal proceedings, and section 2027 only allows an amendment in the justice's court, and there it must be made before "the case is finally submitted to the justice, or a jury." It, therefore, becomes necessary to determine the sufficiency of the information filed by Dye before the justice.

The statute, section 2025, provides that "prosecutions before justices of the peace for misdemeanors, must be commenced by an information in the form and nature of an affidavit subscribed and sworn to, and filed with the justice," and section 2026, requires the information to "set forth the offence in plain and concise language, with the name or names of the person or persons charged therewith, if known," and also prescribes the form of the affidavit; and nothing in the body of the section, or the prescribed form, indicates that the information or affidavit need be made by the prosecuting attorney, or other officer, whereas, when the proceeding is commenced in the circuit court, the prosecuting attorney is required to file an information. Sec. 1763. The sections in relation to the proceeding before a justice of the

peace, show conclusively that the word "information," as employed in those sections, is not the common law pleading known by that name, contemplated by section twelve, article two, of our "Bill of Rights," which expressly requires that, in all other than certain enumerated cases, "offences shall be prosecuted criminally by indictment, or information." The legislature cannot authorize the institution of a criminal prosecution in any other mode. *State v. Kelm*, 79 Mo. 515; *State v. Briscoe*, 80 Mo. 643. The judgment is reversed and cause dismissed. All concur.