STATE OF MISSOURI, Respondent, v. THOMAS DOWNING, Appellant.

Kansas City Court of Appeals, June 14, 1886.

1. LICENSE AS PEDDLER—INFORMATION FOR SELLING WITHOUT AUTHORITY—AFFIDAVIT OF PROSECUTOR.—In the case of a prosecution, by information, for selling goods (not being books, etc.), from place to place, etc., without having a license as peddler, etc., the affidavit must be, and in this case is, in positive terms, and not upon information or belief; if upon information and belief it would be insuf-

ficient. *State v. Hayward,* 83 Mo. 299. The statute requires the affidavit to be made by some person competent to testify as a witness, but he need not state his competency in the *affidavit.* This would be a matter of judicial inquiry.

2. —— MUST BE ISSUED TO PERSON USING IT—CONSTRUCTION OF SECTION 6472, REVISED STATUTES.—The correct interpretation of section 6472, Revised Statutes, is, that the license shall be issued to the person actually using it. The doctrine of principal and agent does not apply to this statute. The statute contemplates that the peddler himself will have his license at all times ready for exhibition to any sheriff, collector, constable, or citizen. Sect. 6479, Rev. Stat. It was not intended that his right to peddle should depend upon his proof of agency for some one who might be licensed.

3. —— WHAT IS A LICENSE UNDER THE STATUTE—CASE ADJUDGED. The paper pleaded in this case as defendant's license, is not a license under the statute. It is for one month, instead of six months. The statute does not contemplate a license for a less period than six months for peddlers of defendant's class. Sect. 6477, Rev. Stat.

APPEAL from Johnson Criminal Court, HON. JOHN E. RYLAND, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

SAMUEL P. SPARKS, for the appellant.

I. The information must be verified by the oath of the prosecuting attorney, or by the oath of *some person competent to testify,* and who has knowledge of the commission of the offence charged. Sect. 1763, 1764, Rev. Stat ; *State v. Hayward,* 83 Mo. 299. The *affidavit* here is defective on its face, in not showing that affiant was a competent witness, and that it was made before any one authorized to administer oaths. Sects. 1763, 1764, Rev. Stat., *supra ; Hargadine v. Van Horn,* 72 Mo. 370.

II. The suffix "clk" does not show any official authority to administer the oath. The term "clerk" is *genus generallissimum.* It also lacks the *seal* of the court, which the statute requires to be affixed. Sect. 1025, Rev. Stat. ; *Ib.* ch. 54.

III. A peddler's license is a tax on a calling. *Ward*

*v. State*, 31 Md. 279 ; *State v. Welton*, 55 Mo. 288; but see s. c., Sup. Ct., U. S., 3 C. L. J., p. 116. Gale was simply following the occupation of a peddler through his agent. This he ·might lawfully do, according to the maxim: "*Qui facit per aliam, facit per se.*" 1 Shars. Bl. Com. 429.

IV. But one person peddled under the license ; that was defendant. It seems that the statute (sect. 6472, Rev. Stat.) contemplates that one person as agent, or *either one* of the partners might deal under the license, so that only one person dealt at a time ; if not, why does the statute speak of two or more persons? There is no distinction in principle between this case, and a clerk selling in a licensed establishment.

No brief for respondent.

ELLISON, J.—The information, omitting the caption and signature, was in these words . " W. W. Wood, prosecuting within and for the county of Johnson, in the state of Missouri, informs the court that Thomas Downing, on the twenty-seventh day of August, 1885, at the said county of Johnson, did, then and there, unlawfully deal in the selling of goods, wares and merchandise, not being books, charts, maps, or stationery, by going from place to place, in a cart or carriage, with two horses, to sell the same, and did, then and there, while going from place to place to sell said goods, wares and merchandise, as aforesaid, unlawfully sell one harrow and seeder, without then and there having a license as a peddler, or any other legal authority, to sell the same, against the peace and dignity of the state.

"W. E. Borthick makes oath and says that the facts stated in the foregoing information are true.

"W. E. BORTHICK.

"Sworn to and subscribed before me, this fifth day of August, 1885.       W. K. MORROW, Clerk."

The cause was submitted to the court on the following agreed statement of facts:

"It is hereby agreed by and between the parties that the following are the facts upon which the charge in the information is founded in the above case:

"1. That the defendant, as the hired agent and employe of one G. H. Gale, went from place to place and sold and delivered the Gale Sulky Wheat Drill, within one year prior to the filing of the information herein, in Johnson county, state of Missouri.

"2. That the defendant was acting as agent of said G. H. Gale in making said sale, and, that prior to such sale, the said G. H. Gale procured the paper, purporting to be a license, from the collector of the state and county revenues within and for the said county of Johnson, state of Missouri, hereto attached and made a part of the agreed statement; that the said defendant carried said paper with him while so selling, and relied upon it as a sufficient authority for him to sell.

"3. That the said G. H. Gale did not himself sell or attempt to sell, as a peddler, in person, under said paper, nor did any other person sell or attempt to do so under said paper. That the goods so sold by said defendant was the property of said G. H. Gale, and that defendant turned over all proceeds of such sales to said G. H. Gale."

The paper referred to in the agreed statement purported to be a license, and was regularly issued by the county clerk and collector in the usual form, except that it was for one month, and recites the payment of $3.33, "state tax," and $3.33, "county levy."

Defendant was found guilty in the court below, and he appeals to this court.

I. Defendant's first objection is that the affidavit should have shown upon its face that Borthick was a competent witness, and had knowledge that an offence had been committed. This is not a valid objection. The affidavit is in positive terms and not upon information or belief. If upon information and belief it would be in-

sufficient. *State v. Hayward*, 83 Mo. 299. The contrary was held by the St. Louis court of appeals in *State v. Kaub* (19 Mo. App. 149). The attention of that court had doubtless not been called to *State v. Hayward, supra.* The statute requires the affidavit to be made by some person competent to testify as a witness in the case, but we do not understand that he shall state his competency in in the affidavit. That would be a matter of judicial inquiry.

II. It is next objected that the affidavit being taken before "W. K. Morrow, Cl'k," it does not appear that Morrow had authority to administer the oath, as it is not stated of what he is clerk. It *does* appear by the record that the information was filed in the office of the clerk of the circuit court and *ex officio* clerk of the criminal court of Johnson county; it further appears that W. K. Morrow is such clerk. That is sufficient, and we rule the point against defendant.

III. The next objection urged to the judgment of defendant is, that, as the license was issued to Gale, and defendant was his agent, peddling for him, Gale himself not using the license, the statute was not violated. I think the correct interpretation of section 6472, Revised Statutes, is that the license shall be issued to the person actually using it. That is, the individual peddling must have the license. I think the doctrine of principal and agent, invoked by defendant, does not apply to this statute. It says no two persons shall deal under the same license, whether they be "partners, agents, or otherwise." It is equivalent to saying, no person shall peddle under the guise of being a partner or agent of one who may have a license. The statute contemplates that the peddler himself will have his license at all times ready for exhibition to any sheriff, collector, constable, or citizen. Sect. 6479, Revised Statutes. It was not intended that his right to peddle should depend on his proof of agency for some one

who might be licensed. The point is likewise ruled against defendant.

IV. I am further of the opinion that the paper pleaded as defendant's license in this case, is not a license under the statute. It is for the term of one month instead of six, and has an acknowledgment of the receipt of one-sixth the sum required to be paid for a six months' license. The statute does not contemplate a license for a less period than six months for peddlers of defendant's class.

The period of six months is designated by section 6477, and while it is not in terms stated that the license shall not be for a less term, I think this construction is the reasonable and proper one. These licenses are issued by the county clerk in blank and delivered to the county collector, who receipts for, and is charged with, the same. Sect. 6474. He has them on hands ready for issuance to whoever may apply to him. Sect. 6476.

He is compelled to settle with the county court by paying over the money or returning the license. These provisions contemplate that he shall be charged with a definite sum on each license delivered to him, and this can only be done by having definite periods put in the license by the clerk, and this period is that named in section 6477.

The defendant was properly found guilty, and the judgment thereon is affirmed. All concur.