STATE OF MISSOURI, Respondent, v. HENRY KEMPLE, Appellant.

Kansas City Court of Appeals, October 24, 1887.

1. CRIMINAL LAW—INFORMATION BEFORE JUSTICE OF PEACE—AFFI-
DAVIT.—In the case of an offence committed before the amendment
of sections 2025, 2026, 2028, and 2054, Revised Statutes, by the act of
1885 (Laws Mo. p. 145), an affidavit by the prosecuting witness,
upon belief merely, is not sufficient ; it is only the prosecuting attor-
ney who can make the verification upon information and belief.

2. ——— PRACTICE—AMENDMENT OF INFORMATION IN CIRCUIT COURT
—CASE ADJUDGED.—Where the circuit court, upon the appeal in
this case, overruled the motion of the defendant to quash the in-
formation, but permitted the prosecuting witness to make an
affidavit to the information, "according to the best of his knowl-
edge and belief." *Held*, that this amendment, if allowable at all,
could not be made after the case reached the circuit court. (Fol-
lowing *State v. Russell*, 88 Mo. 648 ).

APPEAL from Osage Circuit Court, HON. A. J.
SEAY, Judge.

*Reversed and defendant discharged.*

The case is stated in the opinion.

RYORS & VOSHALL and H. CLAY EWING, for the
appellant.

I.   This was a prosecution against the appellant for
petit larceny, upon an information filed by the prosecut-
ing attorney of Osage county, Missouri.   The informa-
tion was not verified by the oath of the prosecuting
attorney, nor by any one else.

II.   Upon the trial in the circuit court the defend-
ant filed his motion to quash the information, because
" not based upon the affidavit of any person competent
to testify in this cause, and is not supported by the oath

of the prosecuting attorney, either as an individual or as an officer." This motion was overruled, and the defendant objected and excepted at the time. The case being submitted to a jury upon the evidence and instructions, they found the defendant guilty. The defendant filed a demurrer to the evidence, in the shape of an instruction, which was refused by the court; and defendant objected and saved his exceptions. The court, of its own motion, gave instructions which are not in the record and cannot be found. Defendant appeals to this court, after filing the proper motions, affidavit, and bond.

III. The law requires the circuit court to instruct the jury in criminal cases, and not having done so, this case must be reversed. *State v. Branstetter*, 65 Mo. 149, and authorities cited; *State v. Banks*, 73 Mo. 592; *State v. Reed*, 67 Mo. 36.

IV. The motion to quash the information should have been sustained. The information was not verified by affidavit, as required by law. The affidavit of Wm. V. Phelps is upon belief alone, and is not, moreover, an affidavit to, or verification of, the information. Acts 1885, sect. 2028, p. 145; *State v. Hayward*, 83 Mo. 299; *State v. Calfee*, 10 West. Rep. 272.

No brief on file for the state.

ELLISON, J.—This is a prosecution for petit larceny, begun before a justice of the peace by information. The offence was committed before the amendment of sections 2025, 2026, 2028, and 2054 of the Revised Statutes. Laws 1885, p. 145.

I. Defendant was convicted in the justice's court, and on appeal was again convicted. The information was filed by the prosecuting attorney and was not sworn to. There was an affidavit by the prosecuting witness in which it is stated that, "on or about the sixteenth day of January, 1885, by some person or persons feloniously

taken, stolen, or carried away out of the house of, or from the premises of this affiant by one Henry Kemple as he verily believes"; etc.   This affidavit was relied upon to support the information, but, at most, being merely upon belief, it was not sufficient.   It is only the prosecuting attorney who can make the verification upon information and belief.   *State v. Hayward*, 83 Mo. 299 (a case begun before a justice of the peace); *State v. Downing*, 22 Mo. App. 504.

II.   Defendant moved to quash the information in the circuit court.   The court overruled the motion and then permitted the prosecuting witness to make an affidavit to the information, "according to the best of my knowledge and belief."   This amendment, if allowable at all, could not be made after the case reached the circuit court.   *State v. Russell*, 88 Mo. 648.

The judgment is reversed and the defendant discharged.   All concur.