KANSAS CITY, Respondent, v. GIBBS C. WHITMAN, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Police Courts:** INFORMATION FOR VIOLATION OF ORDINANCE: SUFFICIENCY OF. An information charging the violation of an ordinance entitled "Revision of the Ordinances of the City of Kansas, Missouri," of May 12, 1888, is bad since it refers to the whole book of ordinances and not to the special ordinance violated.

2. ——: ——: AMENDMENT ON APPEAL. The ordinances of Kansas City provided that the procedure in cases for the infraction of its ordinances shall be as in misdemeanors before justices of the peace, and an amendment of the information can not be allowed on appeal in the criminal court.

*Appeal from the Jackson Criminal Court.*—HON. J. W. WOFFORD, Judge.

REVERSED.

*Ben T. Hardin* for appellant.

(1)   The police judge is *"ex officio* a justice of the peace, within the limits of the city, in all matters." City Charter, p. 31, sec. 17, art. 4.   "All cases triable before such recorder shall be proceeded with in the same manner as trials before justices of the peace in misdemeanors."  Revised Ordinances, 1888, p. 326, sec. 893; *City of Kansas v. O'Connor,* 36 Mo. App. 594.   (2) The paper filed by the city attorney before the police court was not good as an information, and should have been quashed.   It shows upon its face that it is not made on the knowledge of the prosecuting officer, but "on information."   And there was no affidavit of some other person filed with the recorder "on which such information was founded," nor was such information "accompanied by it."   Revised Ordinances, 1888, p. 324, sec. 885; R. S. 1889, sec. 4329; *State v. Luman,* 66 Mo. App. 472; *State v. Sartin,* 66 Mo. App. 626; *State v. White,* 55 Mo. App. 356; *State v. Buck,* 43 Mo. App. 443; *State v. Ransberger,* 42 Mo. App. 466; *State v. Hatfield,* 40 Mo. App. 358; *State v. Wilkson,* 36 Mo. App. 373; *State v. Humble,* 34 Mo. App. 343; *State v. Harris,* 30 Mo. App. 82; *St. Joseph v. Harris,* 59 Mo. App. 122; *Kansas City v. Neal,* 49 Mo. App. 72.   (3) It was error to allow any amendment in the criminal court.   "An information for a criminal offense in a case originating in an inferior court can not be amended in an appellate court." *State v. Russell,* 88 Mo. 648; *State v. Kanaman,* 94 Mo. 71; *State v. Kemple,* 27 Mo. App. 392.   (4) Again, the complaint is bad, because it states that the prosecution is under an ordinance entitled "Revision of Ordinances of 1888," when the section added by the amendment is in chapter 38 of said revision, and is entitled, "Offenses, Miscellaneous."   As well indict

for violating "The Revised Statutes of Missouri of 1889." There is no such ordinance as the complaint mentions.

C. E. Burnham for respondent.

(1) The information is valid. Not necessary to be sworn to, nor to disclose the source of the information; nor is it necessary that it be "founded" upon the "affidavit of some other person," and the information shows that it was filed by the city attorney acting within his discretionary powers, and was not "founded" upon any affidavit and is therefore not "accompanied by it." Prosecutions in a police court are based upon "information by the city attorney." Charter of 1889, p. 129, sec. 9; Section 885, Revised Ordinances, 1888, p. 324; City of Kansas v. Flanagan, 69 Mo. 22; City of Kansas v. O'Connor, 36 Mo. App. 600; St. Joe v. Harris, 59 Mo. App. 122; Missouri City v. Hutchinson, 71 Mo. 47; State v. Ransberger, 42 Mo. App. 466; s. c., 106 Mo. 135; State v. Hart, 47 Mo. App. 653; State v. White, 55 Mo. App. 356; State v. Sweeney, 56 Mo. App. 409; State v. Sartin, 66 Mo. App. 626. The cases cited by appellant, to wit: State v. Harris, 30 Mo. App. 82; State v. Humble, 34 Mo. App. 343; State v. Wilkson, 36 Mo. App. 373; State v. Hatfield, 40 Mo. App. 358; State v. Buck, 43 Mo. App. 443, in so far as they conflict with the respondent's contention, have been disapproved in State v. Ransberger, supra. Each of the other cases cited by appellant sustains respondent's theory herein because the information shows upon its face that it is not based upon an affidavit, but was filed by the prosecuting attorney upon his own information as defined and considered in the Ransberger case, 106 Mo. 135. (2) The information was good without amendment. And if not, amend-

ment would be allowed in criminal court. The charter of 1889, section 17, page 27. And the procedure upon appeal is the same as in appeals to circuit court from justice courts in civil cases. The judgment becomes a personal judgment simply against defendant and his bondsmen as in civil cases. *Kansas City v. Neal*, 49 Mo. App. 72. This action, while penal, was not criminal, and the law relating to amendments in criminal cases has no sort of application here. *Kansas City v. Neal*, 49 Mo. App. 92.

ELLISON, J.—This is a prosecution for the violation of one of the ordinances of Kansas City. There was a judgment of conviction before the recorder and also, on appeal, in the criminal court.

The information as filed alleged that the act charged was done "in violation of an ordinance of said city entitled 'Revision of the Ordinances of the City of Kansas, Missouri,' approved May 12, 1888." The ordinance referred to was an ordinance adopting a volume of ordinances on all the large variety of subjects usually legislated upon by large cities, embracing near twelve hundred sections. This was not a sufficient reference to the ordinance alleged to be violated. It was no more than a reference to the whole of the book of ordinances of the city. It is not different, in substance, from the cases of *Salisbury v. Patterson*, 24 Mo. App. 172; *Marshall v. Standard*, *Ib.* 192, and *Memphis v. O'Connor*, 53 Mo. 468.

POLICE courts: information for violation of ordinance: sufficiency of.

But in the criminal court the complaint was amended by inserting the sections of the ordinance violated. By provision of the ordinances of the city, section 893, the procedure in cases of this character is made the same as in misdemeanors before justices of the peace. *Kansas*

—: —: amendment on appeal.

*City v. O'Connor*, 36 Mo. App. 594; *St. Joseph v. Harris*, 59 Mo. App. 122. And in misdemeanors before justices of the peace, an amendment is not allowed on appeal to the circuit or criminal court. *State v. Russell*, 88 Mo. 648; *State v. Kanaman*, 94 Mo. 71; *State v. Kemple*, 27 Mo. App. 392. We are not advised by counsel that the statute has been amended in this respect since the foregoing decisions were announced. The result is that we must adjudge the information insufficient and reverse the judgment and discharge defendant. All concur.