## CITY OF ST. LOUIS v. SOL RINGOLD, Appellant

Division One, July 1, 1911.

1. **INFORMATION: Demurrer: How Preserved for Review.** A demurrer to the information is a pleading, and has no place in the bill of exceptions, but being a part of the record proper should be preserved therein, and if preserved only in the bill cannot be considered on appeal. But its absence from the record proper is not material on appeal, if the validity of the information is challenged, for an objection to an information that it charges no offense known to the law, like an objection to a petition that it states no cause of action, can be made at any time, even for the first time in the appellate court.

2. ———: **Ordinance: Judicial Notice.** Courts do not take judicial notice of the existence of city ordinances. An ordinance must be treated as a fact, and when it is the foundation on which the city would build its case it must be pleaded as a fact. The court will not take judicial notice of the existence of the ordinance simply because the information ends with the words, "Contrary to the ordinances in such case made and provided." On the contrary where the ordinance itself is not pleaded the information is fatally defective.

3. ——: ——: ——: **Keeping Bawdy House.** The information read: "Sol Ringold, to the city of St. Louis, Dr; to three hundred dollars for the violation of an ordinance of the city entitled, 'An Ordinance in revision of the General Ordinances of the City of St. Louis,' being general ordinance No. 22,902, Section ——, clause ——, approved March 19, 1907; in this, to-wit":—Then the information goes on to state that defendant kept a bawdy house in the city, and concludes with, "Contrary to the ordinances in such case made and provided." *Held,* that the information is fatally defective is not pleading the ordinance alleged to be violated.

4. ——: ——: ——: **Civil or Criminal Proceeding.** Whether the proceeding by the city to collect money from defendant for a violation of its ordinance, be considered a civil suit or a criminal proceeding, in either case it is essential that the information state facts going to constitute a violation of the ordinance, and one of those essential facts is the existence of the ordinance itself.

5. ——: ——: **Proof.** Nor is the defect in the information which fails to plead the ordinance violated cured by offering the ordinance itself in evidence. It is necessary to prove the existence of the ordinance, but what is necessary to be proven in order to establish plaintiff's case is essential to be pleaded.

Appeal from St. Louis Court of Criminal Correction.—.
*Hon. Wilson A. Taylor*, Judge.

REVERSED.

*T. J. Rowe, Thos. J. Rowe, Jr.*, and *Henry Rowe* for appellant.

(1) Defendant's demurrer to the complaint should have been sustained. (2) The trial court erred in admitting in evidence section 1518, clause 1, of Ordinance No. 22,902, because no such ordinance was pleaded in the complaint. (3) There was no evidence upon which to convict the defendant. Kansas City v. Whitman, 70 Mo. App. 633. The ordinance must be alleged and proved as alleged. St. Louis v. Roche, 128 Mo. 544. The courts will not take judicial notice of an ordinance, hence the rule that you must plead and prove the ordinance on which a claim or

right is based. State ex rel. v. Sherman, 42 Mo. 210; Bowie v. Kansas City, 51 Mo. 454; Butler v. Robinson, 75 Mo. 192; St. Louis v. Railroad, 12 Mo. App. 591; Keane v. Klausman, 21 Mo. App. 485; St. Louis v. Weitzel, 130 Mo. 600.

*Lambert E. Walther*, *William E. Baird* and *Myrt A. Rollins* for respondent.

(1) Proceedings to recover a fine for the violation of municipal ordinances are in the nature of civil actions and no greater particularity in the pleading is necessary than is required in ordinary civil actions. St. Louis v. Smith, 10 Mo. 439; St. Louis v. Weitzel, 130 Mo. 600; Kansas City v. Clark, 68 Mo. 588; Savannah v. Dickey 33 Mo. App. 522. (2) An information for the violation of an ordinance is sufficient if it informs the defendant with reasonable certainty of the cause of action and of what he is called upon to answer; if the purport of the ordinance is expressed in the information and the charge is stated with reasonable certainty the information is sufficient. St. Louis v. Weitzel, 130 Mo. 600; Memphis v. O'Connor, 53 Mo. 468; Columbia v. Johnson, 72 Mo. App. 232; Trenton v. Devorss, 70 Mo. App. 8.

VALLIANT, J.—Information was filed in one of the police courts of the city against the appellant, charging him with keeping a bawdy house, "contrary to the ordinance in such case made and provided;" on which information he was tried and convicted and fined $50. He appealed to the St. Louis Court of Criminal Correction, where a trial *de novo* was had and he was again convicted and fined $50; from that judgment he appealed to this court. In the bill of exceptions it is said that in the Court of Criminal Correction appellant filed a demurrer to the information which was overruled and exception taken; if that is so it has no

place in the bill of exceptions. A demurrer is a pleading and it, together with the ruling of the court on it, should appear in the record proper. But the absence of the demurrer and the ruling thereupon in the record proper is not material in this case, because here the objection to the information is not to any formal part, but challenges its vitality. If a petition states no cause of action, or an information no misdemeanor known to the law, the objection may be made at any time, even for the first time in the appellate court. The appellant says now that the information on which he was tried and convicted does not state facts sufficient to constitute a violation of any ordinance of the city; if that is so the conviction cannot stand. The information is as follows:

"City of St. Louis, July 16, 1907.

"Sol Ringold,

"To the City of St. Louis, Dr.

"To three hundred dollars for the violation of an ordinance of the said city entitled, 'An ordinance in revision of the General Ordinances of the City of St. Louis,' being general ordinance No. 22,902, Section — Clause —, Approved March 19, 1907. In this to wit:"— Then the information goes on to state facts showing that defendant kept a bawdy house in the city, and concludes, "Contrary to the ordinance in such case made and provided." There is nothing in the information showing that in the Revised Ordinances of the city there is an ordinance forbidding the keeping of a bawdy house or imposing a fine or other penalty for doing so. At the trial there was evidence tending to show that defendant kept a bawdy house at a certain place in the city specified in the information; then the city offered in evidence section 1518, clause 1, of ordinance No. 22,902, entitled, "An ordinance in Revision of General ordinances of the city of St. Louis," approved March 19, 1907, to which offer defendant objected on the ground that the section of the general ordinance so

offered was not pleaded; the objection was overruled and defendant excepted.

We will take for granted that the section of the ordinance so offered did forbid the keeping of a bawdy house and imposed a penalty for its violation, although we do not know what it was, because it is not contained in this record. But assuming that such was the ordinance, can the defendant be convicted of violating it when it is not pleaded by title or number, nor are its contents stated in the information either *in haec verba* or in substance? When a man is properly arraigned in court for violating a city ordinance it is no defense for him to say that he was ignorant that there was such an ordinance, for the maxim that ignorance of the law excuses no one is applicable in such case. But when an information is lodged against him charging that he has violated an ordinance, it must state facts sufficient to constitute the offense of which he is accused and the ordinance alleged to have been violated is one of the facts to be pleaded and proven. An information charging an offense under a State statute need not plead the statute, because the courts take judicial cognizance of a law of the State, but they do not take cognizance of an ordinance. When an information or indictment concludes "contrary to the statute in such case made and provided," the court takes cognizance of that statute without further reference to it, but not so when the act complained of is alleged to be "contrary to the ordinance in such case made and provided." An ordinance must be treated as a fact and when it is the foundation on which the plaintiff would build its case it must be pleaded and proven as a fact.

In this case the only ordinance specified as having been violated is an ordinance entitled, "An ordinance in revision of the General Ordinances of the city of St. Louis," being General Ordinance No. 22,902. Our Kansas City Court of Appeals had this very question before it in Kansas City v. Whitman, 70 Mo. App.

630, wherein it was charged in the information that the act complained of was done "in violation of an ordinance entitled 'Revision of the Ordinances of the City of Kansas, Missouri,' approved May 12, 1888." Judge ELLISON for the court said: "This was not a sufficient reference to the ordinance alleged to be violated. It was no more than a reference to the whole of the book of ordinances of the city."

In St. Louis v. Roche, 128 Mo. 531, the appeal was from a judgment of conviction of violating a city ordinance; the ordinance was well pleaded, but at the trial it was not introduced in evidence; this court per BURGESS, J., said: "The rule is well settled in this State that courts will not take judicial notice of the ordinances of municipalities;" and for the failure of the prosecution to introduce the ordinance in evidence in that case the judgment of the trial court was reversed and the defendant discharged. A fact that is essential to be proven in order to establish the plaintiff's case is essential to be pleaded.

Counsel for the city refer to St. Louis v. Weitzel, 130 Mo. 600, wherein this court held the information to be sufficient, saying: "So that it was not necessary to recite in the complaint the particular section of the ordinance alleged to have been violated." But that was not a case in which the ordinance alleged to have been violated was an ordinance to revise all the ordinances of the city; it was a particular ordinance and, though of several sections, it related to but one subject.

Whether we call this a civil suit and therefore judge the information by the rules applicable to a petition in such case, or a criminal proceeding and therefore judge it by the stricter rules applicable to an information or indictment for a crime, in either case it is essential that the information state facts going to constitute a violation of an ordinance, and one of those essential facts is the existence of such an ordinance. This information whilst sufficient in its state-

ments of other facts is fatally defective in not pleading the ordinance alleged to have been violated. The judgment is reversed and defendant discharged. All concur.