State v. Smith.

---

## THE STATE, Appellant, v. FRANCES SMITH.

### Division Two, December 31, 1924.

**INFORMATION:** Amendment in Circuit Court: In Misdemeanor Originating in Justice Court. When a case, originating in the court of a justice of the peace, which had jurisdiction of it, reaches the circuit court on appeal and is there triable *de novo*, it is there to be tried and disposed of as if it had originally been brought in such circuit court. An information filed in the justice court, charging defendant with a misdemeanor, upon his conviction and appeal to the circuit court, may before trial be amended in form and substance in the circuit court. Where defendant was charged, by information and affidavit filed in the justice court, with malicious trespass, in pulling down and carrying away fence posts from affiant's land, and being there convicted appealed to the circuit court, it was proper to permit the information and affidavit to be there so amended as to show that defendant had no interest in the property described. [Overruling State v. Russell, 88 Mo. 648, and State v. Kanaman, 94 Mo. 71, and disapproving all decisions of the Courts of Appeals based thereon.]

---

Citation to Headnotes: Criminal Law, 16 C. J. pars. 698, 702.

Transferred from Springfield Court of Appeals.

REVERSED AND REMANDED.

*Jesse W. Barrett,* Attorney-General, and *Harry L. Thomas,* special Assistant Attorney-General, for appellant.

(1) On appeal from a justice of the peace court the cause shall be tried anew. · R. S. 1919, sec. 3793. (2) A trial *de novo* in an appellate court is a trial had as if no action whatever had been instituted in the court below. 8 Words and Phrases, p. 7108. (3) Any information may be amended. R. S. 1919, sec. 3853.

*John H. Keith* for respondent.

(1) Any affidavit or information may be amended in matter of form or substance at any time by leave of court before the trial, and on the trial as to all matters of form and variance, at the discretion of the court. Sec. 3853, R. S. 1919; State v. Dixon, 253 S. W. 746; State v. Ray, 53 Mo. 345; State v. Blunt, 110 Mo. 322. (2) The sole question then for this court to determine, was the court authorized to quash the information for the reason alleged in the motion to quash.

RAILEY, C.—On February 26, 1923, the Prosecuting Attorney of Iron County, Missouri, filed in the justice's court of said county, an information charging defendant with malicious trespass in pulling down and carrying away thirty-five fence posts, set in the ground, the property of one Samuel M. Brewster, etc. The defendant was found guilty of a misdemeanor in the justice's court, under said information, and appealed to the circuit court of said county, where he filed a motion to quash the information, on the ground that it and the affidavit on which it was based failed to charge that the defendant had no interest in the property described.

On the filing of this motion, the court granted leave to the prosecuting attorney to amend the affidavit and information, as hereafter shown. The information, as

written in the justice's court, with the subsequent amendment in italics, reads as follows:

"John H. Keith, Prosecuting Attorney within and for the County of Iron and State of Missouri, under his oath of office basing this information upon the affidavit of Sam M. Brewster herewith filed, informs Robert A. Rasche, Justice of the Peace, that on the 26th day of February, 1923, at and in the Township of Arcadia, Iron County, Missouri, one Frances Smith did then and there unlawfully, wilfully and maliciously pull down, injure and destroy, and pull up, take and carry away certain fence posts, to-wit, thirty-five fence posts, set in the ground, the property of one Sam M. Brewster, erected and being on the premises of the said Sam M. Brewster there situate, and in which said Frances Smith had no interest or control at the time and did then and there leave the same down; against the peace and dignity of the State."

Defendant thereupon moved to quash the information as amended supra, on the theory that, as the case originated in the justice's court, the information and affidavit could not be thus amended on appeal, in the circuit court. The court sustained this motion, and quashed the amended information and amended affidavit. Whereupon the State perfected an appeal to the Springfield Court of Appeals. The latter, reversed the trial court, and held that such an amendment was proper. In concluding its opinion, the Court of Appeals, speaking through Judge BRADLEY, in which the other members of the court concurred, said:

"But in reaching this conclusion we are in conflict with the ruling in State v. Stegall, 65 Mo. App. 243, by the St. Louis Court of Appeals, and State v. Kemple, 27 Mo. App. 392, and Kansas City v. Whitman, 70 Mo. App. 630, by the Kansas City Court of Appeals, and because of said conflict the cause at bar should be certified to the Supreme Court; and it is so ordered."

I. The foregoing opinion of the Court of Appeals in this case is entitled State v. Smith, and will be found reported in full, at pages 52 and following, of 264 S. W. Reporter. We have carefully read and fully considered the above opinion, as well as the cases cited therein, and have reached the conclusion that the opinion of the Springfield Court of Appeals is both logical and sound. As the legal effect of the above ruling will overturn some of the conclusions of the Courts of Appeals, and two former decisions of this court, we have deemed it advisable to supplement the views of the Springfield Court, with some additional observations of our own.

Section 3846, Revised Statutes 1919, reads: "Except as otherwise provided by law, the circuit court shall have . . . concurrent original jurisdiction with and appellate jurisdiction from justices of the peace and police courts of towns and cities in all cases of misdemeanor."

Section 3791, Revised Statutes 1919, provides that: "All proceedings upon the trial of misdemeanors before justices of the peace shall be governed by the practice in criminal cases in courts of record, so far as the same may be applicable, and in respect to which no provision is made by statute."

Section 3762, Revised Statutes 1919, relating to the right of amendments of informations in justice's courts, reads: "No case shall be dismissed or discontinued by reason of any defect in the information, but the same may be amended at any time before the case is finally submitted to the justice or a jury, and no amendment shall cause a delay of the trial, except at the instance of the defendant for good cause shown upon oath or by affidavit."

It is manifest that if the amendment complained of had been made in the justice's court, before the case was submitted to the court or jury, it would have been authorized by the above section, as it did not change the nature of the action. On appeals from justices of the

peace in misdemeanor cases, the cause shall be tried *de novo,* as though the case had originated in the circuit court. [Sec. 3793, R. S. 1919].

Section 2890, Revised Statutes 1919, is a part of the civil code, relating to justice's courts, and reads: "Any person aggrieved by any judgment rendered by a justice of the peace, except a judgment by confession, may, in person or by his agent, make his appeal therefrom, unless otherwise provided by law, to the circuit court of the same county where the judgment was rendered."

Section 2902, Revised Statutes 1919, relating to the civil code of procedure in justice's court, provides that: "Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the original summons or the service thereof, or on the trial, judgment or other proceedings of the justice or constable in relation to the cause."

See also Section 2903, Revised Statutes 1919.

Keeping in mind the various sections of our statutes aforesaid, which appear to be in harmony with each other, and reverting to the fact that, in this case, a proper appeal was taken to the circuit court, where the cause was to be tried *de novo,* and as though it had been brought in said court, we are confronted with Section 3853, Revised Statutes 1919—a part of the Criminal Code of Procedure—which reads as follows:

"The Statute of Jeofails, as applicable to criminal pleadings and proceedings in prosecutions by indictment, shall apply to all proceedings in prosecutions by information; and any affidavit or information may be amended in matter of form or substance at any time by leave of court before the trial, and on the trial as to all matters of form and variance, at the discretion of the court, when the same can be done without prejudice to the substantial rights of the defendant, on the merits, and no amendment shall cause any delay of the trial,

except at the instance of the defendant for good cause shown by affidavit.''

This section provides for the amendment after an appeal is taken, as does Section 3762, Revised Statutes 1919,. for a similar amendment while the case is pending in the justice's court. We are clearly of the opinion, in a case of this character, where it is to be tried *de novo,* in the circuit court on appeal, that any amendment may be made there which might legally have been made while the cause was pending in the justice's court.

In the recent case of Cudahy Packing Co. v. Ry. Co., 287 Mo. 452, 230 S. W. 86, Division One had under consideration the question as to whether an appeal from a judgment in favor of plaintiff, in a civil action, in a justice of the peace court, invested the circuit court with power to try the case *de novo,* etc. Judge BLAIR, in an exhaustive review of the statutes and decisions, relating to trials *de novo,* on pages 460-1, among other things, said:

''The practically universal rule in other jurisdictions is that an appeal from the judgment of a justice of the peace to a court where a trial *de novo* must be had waives all defects of jurisdiction over the person of appellant and amounts to a general appearance in the appellate court. . . .

''The purpose of an appeal from a justice of the peace in this State is to secure a 'trial anew.' That is the sole purpose for which such appeal is permitted by the statute. [Sec. 2902, R. S. 1919.] When a defendant appeals he therefore appeals for that purpose and no other. The very lodging of the appeal in the circuit court constitutes an invocation of the appellate jurisdiction of that court; and, since the circuit court, on such an appeal, has no appellate jurisdiction except for the purpose of a trial anew, it is an invocation of that court to exercise its jurisdiction in a trial anew. This of itself constitutes such an appearance as to waive defects in or absence of summons or service.''

Meyer v. Ins. Co., 184 Mo. 481, and those cases based thereon, were directly overruled (287 Mo. l. c. 463), as announcing a contrary doctrine. The opinion of Judge BLAIR meets with our approval, and sustains the conclusion reached by the Springfield Court of Appeals, to the effect that, when the case at bar reached the circuit court on appeal, it was to be tried and disposed of there as though it had been originally brought in said court. An amendment, therefore, which might legally have been made in the justice's court, could be made on appeal in the circuit court.

The ruling in the Cudahy case, supra, was followed by Judge BLAIR of this Division, in the still more recent case of Hauptmann Tobacco Co. v. Unverferth, 288 Mo. l. c. 59-60, 231 S. W. l. c. 629-30.

The rulings of this court in State v. Russell, 88 Mo. 648, and State v. Kanaman, 94 Mo. 71, as far as inconsistent with the views here expressed, are overruled.

The opinions of the Courts of Appeals, based on the above opinions, or either of them, which are not in harmony with the views heretofore expressed, are also overruled.

The judgment of the circuit court is reversed, and the cause remanded, to be proceeded with in conformity to the views heretofore expressed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, J.,* absent.