**STATE of Missouri, Respondent,**

v.

**Royce Dale RALLS, Appellant.**

**No. 25423.**

Kansas City Court of Appeals, Missouri.

Oct. 4, 1971.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 5, 1971.

Application to Transfer Denied Dec. 13, 1971.

Robert G. Duncan, of Pierce, Duncan, Hill & Russell, Kansas City, for appellant.

Thomas O. Pickett, Pros. Atty., Grundy County, Trenton, for respondent.

HOWARD, Judge.

This case began in the magistrate court of Grundy County, Missouri. From a judgment of conviction appellant duly appealed to the circuit court which again found him guilty and fixed his punishment at a fine of $100.00 plus costs. He has duly appealed to this court.

In view of the issues raised, a very brief statement of the facts will suffice. It appears that on October 18, 1969, Robert Freeman, the city marshal of Laredo, Missouri, was called to the scene of a one-car automobile accident about one and a half miles south of that city. Upon arrival, he observed a 1962 Chevrolet automobile overturned in the ditch on the west side of the north and south road where it turned to the east. There were two people at the scene. He inquired who was driving the automobile and the defendant Ralls replied that he was. Upon inquiry, the defendant stated that he was not injured. The city marshal then contacted the highway patrol since the accident was outside of his city. The city marshal arrived at the scene about 8:25

P.M. and the highway patrol corporal arrived shortly after 8:30 P.M. Upon arrival, the corporal did not consult with the city marshal but immediately asked three general questions and received from the defendant Ralls the following answers as indicated:

Q. Who was operating the vehicle? A. I was.

Q. Are you hurt? A. No.

Q. What time did the accident happen? A. About 8:20 P.M. From their observations of the actions of the defendant, both the city marshal and the highway patrol corporal concluded that the defendant was intoxicated. He was taken to the county seat at Trenton and charged. Defendant disputes the nature of the charge initially lodged against him and that is the prime issue on this appeal.

The first point relied on by defendant in his brief reads as follows:

"The Circuit Court Erred in Allowing the State to File the Amended Information upon Which Appellant Was Tried and in Denying Appellant's Motion to Dismiss Said Amended Information for the Reason That the Amended Information Alleged a New and Different Offense Than That Alleged in the Information Filed in and upon Which Appellant Was Tried in the Magistrate Court."

In support of this alleged error, defendant maintains that the traffic ticket issued by the highway patrol, which was adopted by the prosecuting attorney as the charge at the trial in the magistrate court, charged him only with driving on the wrong side of the road. On appeal from the magistrate court the trial is de novo in the circuit court and an amended information was filed in the circuit court which charged him with operation of "a motor vehicle while in an intoxicated condition" in violation of Section 564.440, RSMo.1969, V.A.M.S. Defendant thus maintains that the charge for which he was tried in the circuit court was different from the charge for which

he was tried in the magistrate court; that this violates Criminal Rule 24.02, V.A.M.R., which permits amendment of an information at any time prior to verdict or finding but which prohibits an amendment which results in a different charge or which amendment results in prejudice to the substantial rights of the defendant. The same provisions as to amendment are found in Rule 37.19 applicable to traffic offenses. On the issue of this alleged difference between the charge on which he was tried in the magistrate court and that on which he was tried in the circuit court, defendant contends that the requirements, prescribed by such cases as State v. Thompson, Mo., 392 S.W.2d 617, and State v. Gladies, Mo., 456 S.W.2d 23, have been violated and that the court, therefore, erred in overruling his motion to dismiss the amended information in the circuit court.

We must thus determine the charge upon which defendant was tried in magistrate court. This charge was contained in a "Missouri Uniform Traffic Ticket" issued by the highway patrol and adopted as an information by the prosecuting attorney. This printed ticket as filled out charged that in Grundy County, Missouri, on October 18, 1969, at or near Highway V, at 8:25 P.M., Royce Dale Ralls did unlawfully operate a vehicle, described as a 1962 Chevrolet, bearing a state license of a given number for the year 1970. Thereafter, there is printed on the ticket the heading "Six Principal Causes of Accidents." None of the boxes provided for charging any of these six offenses is checked. Thereafter appears the printed words "Describe Violation:" with two blank lines. On the first line is written "D.W.I.    1st offense." On the second blank line at the left is written "B.A.    .18" and after a long blank space, on the right end of that line, is written "105Q."

Referring back to the "Six Principal Causes of Accidents" as listed in the left-hand column of the ticket, there are three columns to the right containing places to check certain information descriptive of the

details of the offense which is to be charged in the left-hand column. On the last line of this section of the ticket, there is space to check either the charge of "Improper Passing" or "Improper Lane Use." Neither of these is checked so that neither of these is charged. However, in the column farthest to the right there appears a checkmark indicating "Wrong Side of Pavement." Below the description of the viola-

tion, the ticket contains three columns to be checked with other information concerning the alleged offense. This is described as "Conditions Which Increased Seriousness Of The Violation:". In the column farthest to the right, a checkmark has been placed to indicate "Ran Off Road." Thus, the specifics of the charge placed against defendant Ralls appear on the ticket as follows:

[A4516]

From this, defendant contends that the only charge placed against him by this ticket was driving on the wrong side of the road; that this is a distinctly different charge from driving while in an intoxicated condition which was the charge for which he was tried in the circuit court and that consequently the circuit court erred to his prejudice in permitting the amended information to be filed and that, therefore, the judgment of conviction should be reversed. We cannot agree with defendant's major premise that the traffic ticket charged the offense of driving on the wrong side of the road. It will be noted that the checkmark placed opposite "Wrong Side of Pavement" is in a column

designed for descriptive information elaborating upon a charge which is otherwise contained in the left-hand column of this ticket. If defendant had been charged with either "Improper Passing" or "Improper Lane Use", then some items to the right of such charge, and descriptive thereof, might be checked to indicate the specific facts of any particular case. However, since neither of these offenses were charged, the checkmark concerning "Wrong Side of Pavement" was merely descriptive of some other charge and did not constitute the offense with which defendant was, in fact, charged. It is apparent from the face of the ticket that the charge attempted to be placed against defendant was contained on

the lines after the printed heading "Describe Violation." This charge was "D.W.I. 1st offense." The figures on the second line "B.A. .18 105Q" are obviously descriptive matter with which we are not concerned.

■ Upon consideration of the motion to dismiss, the trial court commented that "D.W.I." is generally known as an abbreviation for driving while intoxicated. He concluded that the filing of the amended information properly charging that offense and setting out the statute creating such offense was permissible. In this we agree with the trial court.

The only thing charged in the traffic ticket was "D.W.I. 1st offense." It did not charge driving on the wrong side of the road. Thus, there is no difference between the charge upon which defendant was tried and convicted in the magistrate court and upon which he was tried and convicted in a trial de novo in the circuit court. This is enough to dispose of the first allegation of error raised by defendant. However, in his argument under this point, he also claims that the charge on the traffic ticket "D.W.I. 1st offense" was so defective as to be a nullity and that it did not charge "driving while intoxicated" or any other offense; that, therefore, the magistrate court was without jurisdiction; that the circuit court's jurisdiction on appeal is derivative and that the circuit court cannot have jurisdiction on appeal where the magistrate court had no jurisdiction and, therefore, the judgment of conviction entered by the circuit court was beyond its jurisdiction and is void. The above statement of contentions is a paraphrase of the argument of appellant and is much more pointed and concise than the argument contained in appellant's brief. We do not believe that this argument is well taken.

■ While the charge "D.W.I. 1st offense" undoubtedly is defective and properly subject to challenge, see City of Raytown v. Roach, Mo.App., 360 S.W.2d 741, yet it does not follow that such charge is an absolute nullity. We know, as did the trial court, that "D.W.I." is shorthand for driving while intoxicated and the traffic ticket containing the phrase "D.W.I." was a bona fide attempt to charge the offense of driving while intoxicated. Such shorthand pleading is not approved but we do not believe it is fatal under the present circumstances. While this undoubtedly does not constitute "a plain, concise and definite written statement of the essential facts constituting the offense charged," Criminal Rule 24.01, we hold that it is sufficient to support an amendment setting forth a proper charge of that offense as was permitted by and filed in the circuit court. Criminal Rule 24.02 permits an information to be amended at any time before verdict or finding. Such amendment is only necessary where the original charge is defective. It is, by its very nature, a change or correction, see State v. Mallory, Mo., 336 S.W.2d 383, and would not be called for if there were no defect or imperfection in the original charge.

On appeal from the magistrate court, trial is had de novo pursuant to Criminal Rule 22.16. Errors or irregularities occurring in the magistrate court are not considered and in the circuit court the defendant may not take advantage of the defects in the charge upon which he was tried in the magistrate court. See State v. Smith, 306 Mo. 451, 267 S.W. 869; State v. McNail, Mo. App., 389 S.W.2d 214; and State v. Broeder, 90 Mo.App. 156.

We, therefore, conclude that the charge upon which defendant was tried in the circuit court was the exact same charge as the one on which he was tried in magistrate court and that the amendment permitted in circuit court was authorized by Criminal Rule 24.02 and did not prejudice the rights of the defendant.

■ The second allegation of error contained in defendant's brief is that the court erred in admitting the testimony of the highway patrol corporal that the defendant told him that the accident occurred at approximately 8:20 P.M. It is doubtful if de-

fendant's point is specific enough to preserve this matter for our review but we have concluded to rule it upon the merits.

It was admitted that no warning of constitutional rights, as required under the doctrine of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, was given to defendant prior to his statement of the time of the accident. It must be remembered that immediately upon arriving at the scene, the highway patrol corporal asked the three preliminary questions as set forth at the beginning of this opinion and defendant's answer to the third question gave the time of the accident. Defendant asserts that upon his admission that he was the driver of the automobile, the police investigation centered on him and any further statements by him before he had been properly informed of his constitutional rights were inadmissible. This would broaden the doctrine of the Miranda case, and cases following that decision, beyond the requirements of such cases. This was not "custodial interrogation" as considered in the Miranda case. That opinion defined that phrase as follows: "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." This was, in fact, general on-the-scene factfinding questioning by the highway patrolman preliminary to his investigation and constituted only an attempt to find out what there was to investigate. The evidence does not show that the patrolman had cause to arrest defendant prior to his statement as to the time of the accident, in contrast to the situation existing in State v. Evans, Mo., 439 S.W.2d 170. It was only after the patrolman had observed the defendant; his slurred mumbling speech, unsteady walk, etc., that defendant was placed under arrest for driving while intoxicated. We, therefore, rule this point against defendant.

Finding no error as contended by defendant, the judgment of the trial court is affirmed.

All concur.